## Case No. 11,214.

### PLATT v. ARCHER.

[13 Blatchf. 351.] [1]

District Court, S. D. New York. May 22, 1876.

BANKRUPTCY—ALLOWANCE OF COUNSEL FEES TO RECEIVER APPOINTED BY STATE COURT.

1. A. was appointed receiver of an insolvent corporation, by a state court. The corporation being afterwards adjudicated a bankrupt, the assignee in bankruptcy, in this suit against A., obtained a decree that the appointment of A. as receiver, and the transfer thereby of the property of the corporation to him, was void, as against the rights of the plaintiff under the bankruptcy act, and that A. must account to the plaintiff for the property. In taking such account, held, that the services of attorney and counsel were properly and necessarily rendered to A., as receiver, so far as such services benefitted and preserved the estate, and were not hostile to the proceedings in bankruptcy.

[Cited in Wald v. Wehl, 6 Fed. 169; Hunker v. Bing. 9 Fed. 279; Re Cook. 17 Fed. 329.]
[Cited in Clark v. Sawyer, 151 Mass. 66, 23 N. E. 726.]

2. Nothing can be allowed to A., out of the fund, for the services of his counsel in this suit, or in reference to the bankruptcy proceedings, he having unsuccessfully resisted such proceedings, or in the matter of the accounting of A. before the state court, which took place after this suit was brought, or for the referee's fees in such accounting.

[This was a bill in equity by John H. Platt, as assignee in bankruptcy of the Stuyvesant Bank. against Oliver H. P. Archer. See Cases Nos. 13,581 and 11,213.]

Francis N. Bangs, for plaintiff.

David Dudley Field and Dudley Field, for defendant.

BLATCHFORD, District Judge. In disposing of the exceptions to the master's re-

port, I held that the services of attorney and counsel were properly and necessarily rendered to the defendant, as a receiver appointed by the state court, of the property of the insolvent corporation, so far as such services "benefitted and preserved the estate of the corporation, and were not hostile to the proceedings in bankruptcy." I also held that "the principle on which allowances for such services out of a fund in court, or in the hands of an officer of the court, are made, and the only principle upon which they can be supported, is, that the services rendered were rendered for the benefit of the fund." I also held, that nothing could "be allowed the defendant out of the fund for the services of his counsel in this suit;" that "the services in reference to the bankruptcy proceedings, and to this suit, were services in hostility to the fund, not for its benefit, and were unsuccessful;" and that "whatever claim the defendant might have had upon the assets in his hands as receiver in the state court, for reimbursement of his expenses for the services of counsel out of such assets, if he had successfully resisted the bankruptcy proceedings and this suit, this court has no right to divert the fund to pay the expenses of such unsuccessful resistance." I regard these principles as established by the weight of authority in like proceedings under the bankruptcy act [of 1867 (14 Stat. 517)]. Street v. Dawson [Case No. 13,-533]; In re Stubbs [Id. 13,557]; Burkholder v. Stump [Id. 2,165]; In re Cohn [Id. 2,966]; In re Hope Mining Co. [Id. 6,682].

I am earnestly pressed, however, to allow to the defendant, out of the fund, all the expenses he has incurred for the services of attorney and counsel in resisting the bankruptcy proceedings and in defending this suit. It is contended, for the defendant, that, having been appointed receiver by a court of the state, he has been compelled, as a part of the execution of such trust, to have the services of attorney and counsel down even to the present time; that he has been guilty of no breach of his trust, and has committed no fraud in fact, but has only done what was voidable, as in legal fraud of the bankruptcy act; and that a trustee is always to be reimbursed out of the trust fund for his expenses incurred bona fide in the execution of his trust.

It is not possible to recognize any legal distinction, under the bankruptcy act, between the position of a person who is appointed a receiver by a state court, and, in accepting such trust, makes himself amenable to the provisions of law which prohibit certain transfers, and a person who makes himself amenable to such provisions in any of the other ways specified in the statute, such as becoming a vendee, assignee or transferee by a direct sale, assignment or transfer from the insolvent debtor. The transferee is a voluntary transferee, whether he be appointed by a state court or by the insolvent

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

debtor, and he takes upon himself the risk of the impeachment of the transfer by an assignee in bankruptcy. The right and title of the assignee in bankruptcy are paramount, and, although the transfer which he attacks was not void, but only voidable, yet, when the assignee in bankruptcy succeeds in his suit to set aside the transfer, it necessarily follows, that, from and after the commencement of the suit, the resistance of the transferee was wrongful, as against the assignee in bankruptcy, and as against the fund which becomes his as of the time of the commencement of the suit. The fund which may have been, up to that time, a trust fund in the hands of the transferee, by virtue of his trust appointment, ceases from that time to be held in his hands by virtue of such trust appointment. and, from that time, passes out from under such trust appointment. The decree in the suit, so far as such trust appointment is concerned, relates back to the commencement of the suit, and, from that time, the fund becomes a trust fund in the hands of the assignee in bankruptcy, under his trust appointment. Therefore, in such case, there is not, after the commencement of the suit, any trust fund for the defendant to administer, as between himself and the authority which created such trust, and no trust fund out of which such authority can reimburse to him his expenses incurred after that time. All his expenses after that time are incurred to diminish a fund which is, in judgment of law, the property of another and a hostile trustee. If the doctrine contended for were to be admitted, there would be little benefit to be derived, in many cases, from the provisions of the statute in respect to prohibited and fraudulent transfers, for, the expenses of all parties to the hostile proceedings to set aside such transfers would, if to be paid out of the fund, leave but a scanty residuum for the creditors, and encouragement would be offered for the incurring of needless expenses.

So, too, the expenses of the defendant for the services of counsel in resisting the bankruptcy proceedings cannot be regarded as expenses incurred for the benefit of that fund in the hands of the assignee in bankruptcy, out of which it is now asked that such expenses should be paid. Such expenses had no tendency to make such fund larger, but, if now paid, they will make it smaller. They were not expenses incurred to ensure the passing over of the fund intact to the party now adjudged to be entitled to it, or to preserve the fund from the hostile attacks of those who were seeking to prevent the fund from passing to the assignee in bankruptcy.

There is nothing in these views that is inconsistent with the well established principles in regard to trustees, that their expenses in protecting the trust property against unsuccessful hostile attacks, shall, in case of a distribution under the trust, be paid out of the fund; and that their expenses in protecting and administering the trust property shall, even in the case of a successful hostile attack, be paid out of the fund. so far as they were incurred prior to the commencement of the hostile suit. Nor is there anything inconsistent with the principle of such cases as Poole v. Pass, 1 Beav. 600, and Holford v. Phipps, 4 Beav. 475, which proceed upon the ground that the defendant to whom expenses and costs are allowed was a trustee for the plaintiff. In setting aside a transfer which the statute declares "shall be void," and was made "in fraud" of its provisions, and "contrary" to its provisions. the transferee can, in no proper sense, be regarded as a trustee for the plaintiff, within the sense of the decisions which give costs and expenses to a defendant who is a trustee for the plaintiff, in some cases where the plaintiff has a decree in his favor.

I find it stated in the affidavit of Mr. Archer. now presented, that this suit was commenced March 12th, 1872. This is, I think, a mistake. I stated the date, in my former opinion, as being May 11th, 1872. I think that is correct, as the bill was filed May 10th, 1872, and the subpœna was, I believe, served the next day. The defendant claims that, as receiver appointed by the state court, he did not, under the order made by this court, on the 6th of June, 1872, appointing the plaintiff receiver in this suit, turn over to the latter the assets in question until June 12th, 1872, and that he was obliged to retain such property until that time, and to employ attorneys and counsel until that time. But, no time can properly be taken as the dividing line, as respects this suit, between unquestioned possession by the defendant and hostile action by the plaintiff, other than the commencement of this suit, and, from that time, as against any claim on the funds for the services of counsel, the defendant took the risk of an adverse result in the suit of which he then had full notice. The same rule must apply to the services of attorney and counsel in the matter of the accounting of the defendant before the state court, which took place after this suit was brought. The observations of Judge Cadwalader on this subject, in Burkholder v. Stump [Case No. 2,-165], where he refused an allowance of this kind, meet my approval. These views make it necessary that I should hold, also, that the items of referee's fees for accounting in the supreme court are not allowable.

As regards any suits or matters in which, on the request or retainer, express or implied, of the plaintiff, the services of attorney and counsel were rendered for the benefit of the estate, either before or after the commencement of this suit, whether such suits or matters were prosecuted in the name of the defendant or otherwise. of course, such services must be paid for by the plaintiff out of such estate.

I do not perceive that any departure from

the principle I have adopted can be properly predicated upon the fact that the plaintiff may, in the course of the proceedings before the master, have made claims which the master disallowed.

The defendant put in an answer in this case denying the plaintiff's title and his right to recover. There was a decree for the plaintiff, on proofs, and then an accounting. Costs to the plaintiff would properly follow a recovery on such accounting, and, as a general rule, the defendant would be required to pay the fees of the master on such accounting. The plaintiff proposes that the master's fees for his services in this cause, not already paid for, shall be taxed by the clerk, upon notice to the respective parties, and that one half of the amount thereof, as taxed, shall be paid by each party. I see no reasonable objection to this provision.

The order on the master's report and exceptions may be again presented for settlement, so that it may conform to this decision where that modifies the one before rendered.