## Case No. 7,989.

### In re LAINS.

[16 N. B. R. 168; [1] 1 N. W. Rep. (O. S.) 116; 6 Am. Law Rec. 266; 24 Pittsb. Leg. J. 207.]

District Court, D. Minnesota. July 28, 1877.

BANKRUPTCY—PRIOR ASSIGNMENT—COMPENSATION OF ASSIGNEE.

Where an insolvent who has made a general assignment for the benefit of creditors is afterwards adjudged a bankrupt, the assignee under the assignment is entitled to his disbursements legitimately made in the execution of his trust, but is not entitled to priority as to his compensation as such assignee. nor as to attorneys' fees incurred in connection with the assignment—as to such items he stands in the same position as other creditors and must prove his claim.

[Cited in Hunker v. Bing, 9 Fed. 279.]

[George] Lains failed in business and made an assignment December 21, 1876, to Frank Keogh for the equal benefit of his creditors. This assignment was made at the suggestion of a firm of creditors, of which the assignee was a member. On January 18, 1877, the debtor was adjudged a bankrupt on his own petition. An assignee in bankruptcy was appointed. The assignee under the common law assignment turned over all the debtor's property in his hands, only retaining from the money in his possession sufficient to reimburse himself for payments made on account of collections, to compensate him for his services as assignee, and for attorneys' fees. The assignee in bankruptcy was about to commence proceedings to recover the money thus retained, when by stipulation the subject is presented to the court for a decision upon the claim of the assignee under the state law.

Mead & Thompson, for claimant.
Young & Newell, for assignee.

[1] [Reprinted from 16 N. B. R. 168, by permission.]

NELSON, District Judge. The assignee under the general assignment for the benefit of creditors is entitled to the disbursements legitimately made in the execution of his trust before the debtor was adjudged bankrupt. He had paid out at that time for collections, etc., quite an amount, and such expenditures would seem to have been just as necessary to realize money out of the estate had it been in charge of an assignee in bankruptcy. There can be no objection to an allowance for these expenses, and no creditor dissents. He has, however, presented a bill for personal services as assignee, claiming payment for more than fifteen days' employment, and also for attorneys' fees paid by him. The claim for services does not rest on any better footing than the ordinary debts of creditors. The assignee was aware of the insolvency of the debtor at the time the deed to him was executed, and also knew that a contingency might arise when his title under the assignment must yield to that of an assignee in bankruptcy. Such an assignment was an act of bankruptcy on the part of the debtor, and in fraud of the bankrupt act [of 1867 (14 Stat. 517)], and evidence of an attempt to defeat its operation. The assignee is chargeable with knowledge of facts which would render the deed to him void, and by his conduct was aiding the debtor to place his assets in course of distribution different from that contemplated by the bankrupt law. There is nothing in the merits of his claim which entitle it to a preference, but the amount being fixed by the state court as reasonable compensation, he can prove up his claim as any other creditor before the register in bankruptcy. The attorneys' fee was for drawing up, and attending to, the business connected with the assignment, and as this service is alleged to have been done on behalf of the debtor, it can only be allowed on proof as any other claim. It was rendered at the instance of the debtor. The creditors now objecting never requested it, and there is nothing in the papers before me, except an order by the state court declaring the sum reasonable, which entitles the claim to any consideration. These two claims must take their dividends on a regular distribution of the bankrupt's estate, and cannot be preferred. Ordered accordingly.