WALD, Assignee, etc., v. WEHL, Assignee, etc.

(*Circuit Court, S. D. New York.* December 10, 1881.)

1. BANKRUPTCY—JURISDICTION.

A voluntary petition in bankruptcy, signed and verified by the agent of the debtor, will be sufficient to sustain the jurisdiction of the bankruptcy court in a collateral proceeding.

2. SAME—VOID ASSIGNMENT—ASSIGNEE IN BANKRUPTCY.

An assignment for the benefit of creditors, made within four months of the filing of a voluntary petition in bankruptcy, is voidable at the suit of the assignee in bankruptcy.

*In re Beisenthal,* 14 Blatchf. 146.

3. SAME—EXPENSES PRIOR TO ASSIGNMENT IN BANKRUPTCY.

In such case the assignee for the benefit of creditors should be allowed, upon an accounting, for all proper expenses and services under the assignment, prior to the bringing of the suit to avoid the assignment.—[ED.

Suit by an assignee in bankruptcy to set aside a voluntary assignment for the benefit of creditors.

*Henry H. Anderson,* for plaintiff.

*Alexander Blumenstiel,* for defendant.

BLATCHFORD, C. J. This suit is brought by an assignee in bankruptcy, appointed by the district court of the United States for the southern district of Ohio, against a voluntary assignee of the bankrupts, to set aside a voluntary assignment made by them. The bankruptcy petition was voluntary. It purports, on its face, to be "the petition of Albert Netter and Gabriel Netter, partners as Netter & Co." It sets forth "that the said Albert Netter and Gabriel Netter, copartners," etc. It states that schedule A, annexed, "and verified by

their oaths," is a statement "of all the debts of said copartnership," etc.; that schedule B, annexed, "verified by their oaths," is an "inventory of all the estate of the said copartnership;" that "said Albert Netter further states" that schedule C, annexed, "verified by his oath," contains a "statement of all his individual debts," and that schedule D, annexed, "verified by his oath," contains an "inventory of all his individual estate;" that "said Gabriel Netter, by Albert Netter, his agent, further states" that schedule E, annexed, "verified by his oath," contains a "statement of all his individual debts," and that schedule F, annexed, "verified by his oath," contains an "inventory of all his individual estate." The petition prays that the petitioners may be adjudged to be bankrupts. It is signed thus: "Albert Netter; Gabriel Netter, by Albert Netter, his agent; Netter & Co.,— Petitioners." The oath to the petition reads thus: "We, Albert Netter, and Gabriel Netter, by his agent Albert Netter, the petitioning debtors," etc. It is signed thus: "Albert Netter; Albert Netter, agent for Gabriel Netter,—Petitioners." Schedule A, annexed, appears to embody, in addition to the debts of Netter & Co., the individual debts of Albert Netter, marked C, and the individual debts of Gabriel Netter, marked E. Schedule B, annexed, appears to embody, in addition to the estate of Netter & Co., the personal estate of Albert Netter and the personal estate of Gabriel Netter, though the marks D and F seem to be wanting. Schedule B states that all the property named in it, as well that of Netter & Co. as the personal estate of Albert Netter and the personal estate of Gabriel Netter, is assigned to Julius Wehl. There are two oaths to schedule A. One is signed "Albert Netter." It states that he "did declare the said schedule to be a statement of all his debts," etc. The other is signed, "Albert Netter, agent for Gabriel Netter." It states that "Albert Netter, the duly-authorized agent and attorney in fact of Gabriel Netter, the person mentioned in and who subscribed to the foregoing petition and schedules marked A, respectively, and who, being by me first duly sworn, did declare the said schedule to be a statement of all his debts," etc. There

are two oaths to schedule B. One is signed "Albert Netter." It states that he "did declare the said schedule to be a statement of all his estate, both real and personal." The other is signed "Gabriel Netter, by Albert Netter, his agent." It states that "Albert Netter, the duly authorized agent and attorney in fact of Gabriel Netter, the person mentioned in and who subscribed to the foregoing petition and schedules marked B, respectively, and who, being by me first duly sworn, did declare the said schedule to be a statement of all his estate, both real and personal." The petition was filed April 23, 1878. The order of reference to the register, made that day, recites that "Albert Netter and Gabriel Netter * * has * * filed * * a petition for adjudication in bankruptcy against himself." The adjudication made April 29, 1878, by the register, finds "that the said Albert Netter and Gabriel Netter, as partners and individuals, have become bankrupts," and declares and adjudges them bankrupts accordingly. The appointment of the plaintiff as assignee is entitled, "In the matter of Albert Netter and Gabriel Netter, partners as Netter & Co., and as individuals, bankrupts," and he is appointed "assignee of the estate and effects of the above-named bankrupts." The assignment by the register to the plaintiff recites that the plaintiff "has been duly appointed assignee of the estate of Albert Netter and Gabriel Netter, partners as Netter & Co., and also as individuals," and assigns to him "all the estate, real and personal, of the said Albert Netter and Gabriel Netter, as partners and as individuals."

The defendant takes the objections that the petition and schedules are not signed or verified by Gabriel Netter; that it does not appear that Albert Netter had authority to sign the petition as attorney for Gabriel Netter; that no reason appears why Gabriel Netter did not sign the petition himself; that the oath to the petition and the oaths to the schedules do not contain any allegation by Albert Netter that he is the agent of Gabriel Netter, but merely describe him as such agent; that such description in the oaths is merely the averment of the officer before whom the oaths were taken,

and is not the averment of Albert Netter, and is made by way of recital only; that the forms of the oaths to the schedules are such as to say that the schedules set forth only the assets and liabilities of Albert Netter; that there is no oath that any assets or liabilities of Gabriel Netter are given; that Albert Netter swears that the schedules are statements, the one of his debts and the other of his estate, and then signs as agent for Gabriel Netter; and that therefore the district court obtained no jurisdiction over the person or property of Gabriel Netter, and no power to adjudicate him a bankrupt, or to transfer his property to the plaintiff. In support of these objections, it is urged that section 5017 of the Revised Statutes provides that the schedule of debts, and the inventory of the estate, must be verified by the oath of the petitioner; that section 5014, in requiring a debtor to apply by petition, requires that he shall sign the petition, or in person verify the schedule and inventory, so as to make it appear that he sanctions and authorizes the proceeding; that when the statute intends that a matter in bankruptcy shall be conducted by an agent, it is so prescribed; that section 12 of the Act of June 22, 1874, (18 U. S. St. at Large, 180,) provides for the signing and verifying of a petition in involuntary bankruptcy by an agent of a creditor, if the creditor does not reside in the district in which the petition is to be filed; that section 5078 provides for the verifying of a proof of debt by an agent under specified circumstances and in a specified form; that section 5122 provides for the voluntary petition of a corporation by an officer of it, duly authorized as an agent to do so in a specified way; that these provisions, in the absence of a provision for a voluntary petition by an individual, to be signed or sworn to by an agent, show an intention that such a proceeding should not be lawful; that, at least, express authority for the signing or verification by the agent should be shown; that in partnership cases, in bankruptcy, where one partner refused to join in a petition made by the other partner, he is brought in by notice, through an order to show cause served upon him, and no jurisdiction over him or his estate can otherwise be acquired; that Albert Netter's

position as partner conferred on him no agency for Gabriel Netter to put Gabriel into bankruptcy, except by following the course prescribed by general order No. 18 in bankruptcy; that the adjudication can be assailed collaterally in this suit because it appears on the face of the bankruptcy papers that there was no jurisdiction over the person of Gabriel Netter, and no jurisdiction over the copartnership or its property; and that the proceedings were at most valid only in respect to Albert Netter and his individual debts and assets, and the plaintiff can at most have relief in respect only to the individual property of Albert which went into the hands of the defendant.

For the plaintiff it is contended that the only jurisdictional requisites prescribed by sections 5014, 5015, and 5016 are residence, owing debts, and application by a petition addressed and setting forth as specified, and having the prescribed schedule and inventory annexed; that there is nothing in the statute which requires the petition to be signed or verified by the debtor personally; that section 5014 provides that if the person specified shall apply by a petition addressed and setting forth as specified, and shall annex to his petition a schedule and inventory in compliance with sections 5015 and 5016, "the filing of such petition shall be an act of bankruptcy, and such petitioner shall be adjudged a bankrupt;" and that the provision of section 5017, that "the schedule and inventory must be verified by the oath of the petitioner," and that of section 5018, requiring an oath of allegiance by a petitioner who is a citizen, are not essentials of the jurisdiction, because they are not found in any one of the three sections preceding section 5017.

There is nothing in the bankruptcy statute which requires that a voluntary petition shall be signed or verified by a debtor in person in order to give the court jurisdiction of the proceeding. Many of the considerations discussed by Judge Woodruff, in *In re Raynor*, (11 Blatchf. 43,) in reference to whether a petition in involuntary bankruptcy must be signed and verified by the creditor in person, apply to the present question. This is not a direct proceeding to

review the adjudication. It is a collateral suit. Gabriel Netter does not raise the question. It does not appear that he ever raised it in the bankruptcy court by asking to have the proceeding as to him vacated, on the ground that Albert Netter was not his agent. There can be no doubt that the bankruptcy court acquired jurisdiction of the case in respect to Gabriel Netter, and so in respect to the firm, although the petition was signed and verified on his behalf, and for him, and not by him personally. The prescription in various other places in the statute as to how an agent shall do certain acts in bankruptcy matters, cannot be construed into a provision that the signing and verifying of a petition in voluntary bankruptcy by an agent of the debtor, where the petition purports to be the petition of the debtor, shall not be regarded as a sufficient signing and verifying by the debtor, so as to require it to be held, in a collateral action, that the court did not acquire jurisdiction of the proceeding.

Whether there was satisfactory evidence before the bankruptcy court that Albert Netter was the agent of Gabriel Netter, and authorized to present and sign the petition in the name and behalf of Gabriel Netter, and to verify it and the schedule and inventory on the behalf of Gabriel Netter, and whether the averments of the petition and the oaths as to the agency and authority, and the forms of the oaths in other respects, were adequate and sufficient to satisfy that court of the existence of the agency and authority, and of the formal sufficiency of the petition and oaths, were questions exclusively for the consideration of the bankruptcy court, and cannot be reviewed in this suit. There were in the petition, and in the signatures to it, and in the oaths, and in the signatures to them, such averments and statements as to the fact that Albert Netter was the agent of and the attorney in fact for Gabriel Netter, as authorized the bankruptcy court to exercise its judgment as to whether it was satisfied of the existence of such agency and attorneyship, and to determine that it was so satisfied, if it was so satisfied. Being so authorized and having so determined, it must be held to have had jurisdiction of the case; and its

determination is not reviewable in this suit. *Michaelis* v. *Post*, 21 Wall. 398; *Sloan* v. *Lewis*, 22 Wall. 150; *Lamp Chimney Co.* v. *Brass & Copper Co.* 91 U. S. 656.

It follows that the bankruptcy proceedings extended to both of the partners of the firm, and that the partnership assets passed to the plaintiff by the assignment in bankruptcy.

The assignment made by the bankrupts to the defendant was a voluntary assignment of all their property, individual and copartnership, for the benefit of their creditors, without preferences. It sets forth their insolvency, and the answer in this suit admits that the defendant knew the assignors to be insolvent at the time the assignment was made. The assignment was made within four months before the petition in bankruptcy was filed. The case is one under section 5129. Such an assignment is voidable at the suit of the assignee in bankruptcy, and he is entitled to recover in a case like the present. *In re Beisenthal*, 14 Blatchf. 146.

The plaintiff is entitled to a decree in the usual form, setting aside the assignment as invalid as against him, and providing for an accounting by the defendant in respect to the property he received thereunder. As the assignment is avoided not for any fraud in fact, but only as voidable under the bankruptcy statute, and as it would have been valid if this suit had not been brought, the defendant must be allowed on the accounting for all proper expenses and services under the assignment, prior to the bringing of this suit, according to the principles set forth in *Platt* v. *Archer*, 13 Blatchf. 351, and in *McDonald* v. *Moore*, 8 Ben. 579.