H. B. MAYES, GARNISHEE, v. A. W. PHILLIPS.

1. GARNISHMENT. *Possession of note. Judgment against attorney.*
   It is error for the court to render judgment in attachment against a garnishnee because of his having in his possession, for collection as an attorney, a promissory note due by a third person to the defendant.

2. SAME. *Judgment against attorney on judgment in favor of defendant.*
   It is also erroneous to render judgment against a garnishee in attachment because of his having in charge for collection, as an attorney, a judgment which he has recovered in favor of the defendant in attachment against a third person, and this rule is unaffected by sect. 1765 of the Code of 1880, which authorizes the sale under execution of a judgment in favor of the defendant in the execution.

APPEAL from the Circuit Court of Copiah County.

Hon. S. S. CALHOON, Judge.

A. W. Phillips sued out a writ of attachment against S. B.

Newman & Co., and caused H. B. Mayes, an attorney at law, to be summoned as a garnishee. Mayes answered, and the court rendered a judgment against him in the following language : "It appearing to the court that H. B. Mayes, the garnishee in this cause, by his answer on file, admits that he has in his possession a promissory note due from R. J. Morris to S. B. Newman & Co., the defendants herein for $4,000, dated December 16, 1880, and said Mayes has obtained judgment for a balance due on said note, in a certain attachment suit, wherein said S. B. Newman & Co. are plaintiffs, and said R. J. Morris is defendant, and that he has said note and the judgment obtained thereon, in court, it is therefore ordered by the court that said note, and the proceeds thereof by virtue of said judgment be condemned to pay the judgment of plaintiff in this suit, to wit, the sum of $163.67, and that said garnishee be and he is hereby required to pay out of said proceeds said sum and costs." From this judgement Mayes, the garnishee, appealed.

*H. B. Mayes, pro se.*

"It has been uniformally held that one having in his possession promissory notes, or other choses in action of the defendant's, cannot in respect thereof be charged as garnishee." Drake on Attach., (4th ed.), sect. 481, and authorities cited in note 5. "So, an attorney who has in his care a debt in the course of collection belonging to a defendant in attachment, cannot be holden as garnishee on that account." Drake on Attach., sect. 481, p. 470, note 2. "So a note deposited in one's hands and not collected, will not subject him as garnishee, even though a judgment has been recovered on it in his name." Drake on Attach., sect. 481, p. 470, and authorities cited, note 3. See also concluding remarks of Peyton, C. J., in *McNeal* v. *Roache*, 49 Miss. 442.

*No* counsel for the appellee.

COOPER, J., delivered the opinion of the court.

The appellant could not be charged as garnishee, because

of his possession of promissory notes, due by third persons to the defendants Newman & Co. Drake on Attach., sect. 481, and authorities there cited. By the Code of 1880, sect. 1765, judgments belonging to a defendant in execution may be sold as other goods and chattels, but such judgments cannot be said to be in possession of the attorney by whom they were recovered or are controlled; he cannot surrender them into the possession of the court, and could only satisfy any judgment which might be rendered against him as garnishee by proceeding to collect the judgment for the purpose of appropriating its proceeds to the payment of the judgment against himself. But the court has no power to compel him to so collect and pay over.

Judgment reversed.