Charles R. Lewis, Respondent, v. H. E. Baker, Appellant.

### St. Louis Court of Appeals, February 23, 1887.

1. Justices — Statement.— A statement of a cause of action filed before a justice of the peace is sufficient if it advises the adverse party of the nature of the demand and is sufficiently explicit to bar another action.

2. Appearance — General Issue.— The defendant's appearance in an action before a justice is equivalent to a plea of the general issue, and he may make any defence without formal plea.

3. Attorney and Client — Compromise. — An attorney can not compromise his client's demand against another without the client's consent.

Appeal from the Phelps County Circuit Court, C. C. Bland, Judge.

*Affirmed.*

L. F. Parker, for the appellant : This was not a case of mere statutory variance, but a failure in proof in a vital particular, or rather the allegation of one state of facts and the introduction of evidence to establish another and very different state. *Kiskaddon v. Jones*, 63 Mo. 190 ; *Buffington v. Railroad*, 64 Mo. 246 ; *Edens v. Railroad*, 72 Mo. 212 ; *Waldhier v. Railroad*, 71 Mo. 514 ;

*Faulkner v. Faulkner*, 73 Mo. 327. Although no formal pleadings are required before justices of the peace, and the same completeness requisite to a petition in the circuit court is not required, yet it has always been held that such a statement must advise the opposite party of the nature of the claim, and such is the requirement of the statutes. Rev. Stats., sect. 2851 ; *Butts v. Phelps*, 79 Mo. 302.

FORD & PAYNE, for the respondent : The statement filed before the justice was sufficient. *Gaty v. Sack*, 19 Mo. App. 470 ; *Apitz v. Railroad*, 17 Mo. App. 419 ; *City of Kansas v. Johnson*, 78 Mo. 661 ; *Allen v. McMonagle*, 77 Mo. 478.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff brought suit before a justice, and filed the following statement of his cause of action.

"H. E. BAKER, Atty. to
                    CHARLES R. LEWIS, - - - - Dr.
To note of L. E. Pillman July 19, '79, at 30
  days with interest at ten per cent. per annum
  from maturity, put into his hands as attorney
  for collection.........................$126.00
Interest till Dec. 8, 1879....$ 3.92...... 129.92
            Dec. 8, by cash. 75.00......  54.92
Interest till Dec. 23, 1879...   .23......  55.15
            Dec. 23, by cash 25.00......  30.15
Interest till March 23, 1880.....75......  30.90
                  by cash, 13.00......  17.90
By ten per cent. fees on $113
  remitted................. 11.30......   6.60
Interest 4 yrs. 11 mos. 19 ds.. 3.28......   9.88
Less ten per cent. fees for col-
  lecting $9.88.............. .98......   7.90

When the cause was called for trial in the circuit

court, the defendant moved the court to require the plaintiff to make his statement more definite and certain, because he was not advised by the statement, whether he was sued for money had and received, *i. e.*, for money collected, or for neglect in not collecting money.

This motion was overruled. The cause was first tried before a jury and resulted in a judgment in favor of the plaintiff for eight dollars and three cents. This judgment was set aside on the defendant's motion, and the cause re-tried before the court, resulting in a judgment in favor of the plaintiff for five dollars and eighty cents, from which judgment the defendant, after ineffectual motions for new trial and in arrest, appeals to this court.

Upon the trial the evidence tended to show, that the note was placed in the defendant's hands for collection. The defendant, who is an attorney at law, shortly thereafter advised the plaintiff that he had settled the claim, that part of it was settled in collaterals, that he had not got all the money yet, but remitted seventy-five dollars, and would remit the balance in a few days. There was also evidence showing that Pillman, the maker of the note, was solvent at that time and continued solvent. Also evidence tending to show that the defendant had not collected more on the note than $125.50, and had accounted for all of that sum to the plaintiff, but had accounted for no more.

The court refused the defendant's demurrer to the evidence and declared the law, on the plaintiff's motion, that if the defendant settled and delivered the note to Pillman, he being at the time solvent, the plaintiff was entitled to recover the amount remaining unpaid to the plaintiff, less the defendant's collection fee (which was admitted to have been ten per cent. and no more).

The refusal of the court to compel the plaintiff to make his statement more definite, and the court's action on the instructions is assigned for error.

Neither of these errors is well assigned. A statement filed before a justice is sufficient, when it advises the opposite party of the nature of the demand, and is sufficiently definite, so that a judgment thereon will bar another action. This statement did so advise the defendant. His appearance was equivalent to a plea of the general issue. His own motion sufficiently indicates that he was aware that he could be chargeable only for either having converted part of the money collected, or for having converted part of the note, in surrendering it without payment in full. He introduced testimony showing that he did not do the former. He was at liberty to introduce testimony to show that he did not do the latter, and thus discharge himself altogether. He relies on his letter to the plaintiff, inclosing the remittance of seventy-five dollars, as the ratification of a compromise, but this proof fails, because it does not even tend to show that the collaterals he took were worth less than the balance of the note.

The defendant, presumably, acted in good faith, and did what he considered to be for the best interests of the plaintiff, but as an attorney has no right, without consent of his client, to compromise a claim in any manner, the trial court could not, nor can we, relieve him from the legal consequences of his unauthorized act.

It is justly inferable from the record that this is an action which should not have been brought, but being brought should not have been defended.

The judgment is affirmed. All the judges concur.