## J. H. FREEZE, Appellant, v. JAMES LOCKHARD, Respondent.

### St. Louis Court of Appeals, February 12, 1901.

1. **Statute of Limitations:** CREDIT. The mere indorsement of a credit on a demand will not take it out of the statute of limitations.

2. **Justice's Court:** PLEADING AND PRACTICE: PLEA OF STATUTE OF LIMITATIONS. It is permissible to the defendant in a justice's court to avail himself of the bar of the statute of limitations under the plea of the general issue without formally pleading it, either in writing or verbally.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. R. Young* for appellant.

An open account is barred by the statute of limitations at the end of five years. R. S. 1899, sec. 4273. And where there is no mutual account to keep counterclaim alive, an account, the last time of which is fourteen years old, can not be sued upon or interposed as a defense or setoff. Loeffel v. Hoss, 11 Mo. App. 135; Harrison v. Hall, 8 Mo. App. 169; Thompson v. Brown, 50 Mo. App. 320.

*Hunt & Houck* for respondent.

That the particular statute of limitation relied upon must be specially pleaded. Cooksey v. Railway, 17 Mo. App. 132;

Harper v. Eubank, 32 Mo. App. 258; Judy v. Duncan, 21 Mo. App. 548; Bank v. Harris, 54 Mo. App. 156.

BLAND, P. J.—This suit is on an account of $21.08, which plaintiff alleged the defendant owed him for threshing wheat on July 4, 1899. Defendant filed as an offset an account for medical services which he alleged he rendered the defendant, and an additional item of $4 which he alleged he paid to one Hohn on plaintiff's order. The first item of the account is dated July 6, 1882, and the last one October 22, 1885. To the sum of the account ($37.00) defendant added as interest $33.30, aggregating $70.30. To this account defendant gave plaintiff a credit of $21.08, dated July 4, 1899, for threshing wheat, being the same account upon which he was sued. To the offset the plaintiff pleaded the statute of limitations as a bar. The suit was begun before a justice of the peace and went to the circuit court by appeal. On the trial *de novo* in the circuit court, the issues were submitted to the court without the intervention of a jury. Defendant submitted the correctness of plaintiff's account. To sustain the issues on his part, defendant, over the objections of plaintiff, was permitted to prove the correctness of his account filed as an offset, but he did not offer any evidence tending to show that he applied the credit of $21.08 by the consent or with the knowledge of the plaintiff. At the close of his evidence, plaintiff offered a demurrer thereto, which the court refused to give. Plaintiff then offered evidence tending to disprove the offset and at the close of all the evidence, offered an instruction to the effect that under the law and the evidence the plaintiff was entitled to recover; this the court refused to give, found for the defendant and rendered judgment that plaintiff take nothing by his action and that defendant recover his costs. Plaintiff appealed.

In Loeffel v. Hoss, 11 Mo. App. 133, a case on all fours

with the one at bar, it was ruled that the indorsement of a credit on an account by one party without the privity of the other will not take the demand out of the statute of limitations.

That the mere indorsement of a credit on a demand will not take it out of the statute of limitations is well-settled law. See Phillips v. Mahan, 50 Mo. 197; Goddard v. Williamson, 72 Mo. 131; Loewer v. Haug, 20 Mo. App. 163; Beck v. Haas, 31 Mo. App. 180. This is what the defendant undertook to do, by giving his stale account credit with the amount he owed the plaintiff for threshing his wheat.

Respondent raises the point that the statute was not well pleaded. The suit was begun before a justice of the peace, where no formal pleadings are required, and it was permissible to defendant to avail himself of the bar of the statute under the plea of the general issue without formally pleading it, either in writing or verbally. Lewis v. Baker, 24 Mo. App. 682.

The judgment should have been for the plaintiff for the full amount of his account (admitted to be correct), with six per cent interest thereon per annum from the date of the commencement of his suit before the justice. The judgment is reversed and the cause remanded with directions to the trial court to render judgment for plaintiff as herein indicated. All concur.