GEORGE F. BECK, Appellant, v. JAMES R. KINEALY, Garnishee of GRANT QUARRY COMPANY, Respondent.

### St. Louis Court of Appeals, May 7, 1901.

1. **Justices of the Peace:** PLEADINGS IN JUSTICE'S COURT. Formal pleadings are not required before a justice of the peace, and a party may make any defense he has without such plea.

2. **Trustees, Amount of Compensation.** The rule is to allow trustees, in instruments which have been set aside for legal flaws, reasonable credits for such disbursements as were rendered in collecting the assets, converting them into cash and other measures for the preservation of the estate.

3. ———: ———: EVIDENCE. In the case at bar, the evidence shows that the owners of the demands which constitute the subject-matter of this action, treated Kinealy as trustee and assented to his acting as such under the conveyances for their benefit. They knew he was rendering services to make good their claims and are in no position to extort from him as garnishee the small compensation he received. Neither is the assignee, who stands in their shoes.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED.

*John F. Green* for appellant.

(1)    The deed of trust executed by the Grant Quarry Company, to the garnishee on the eighth day of June, 1898,

is fraudulent on its face and void as to attaching creditors, because it authorizes the garnishee, as trustee, to carry on the business of the Grant Quarry Company indefinitely, and as to such creditors the property conveyed to the garnishee herein still remained the property of the Grant Quarry Company. Coal and Coke Co. v. Kinealy, 81 Mo. App. 646. (2) The facts in evidence do not show an election on the part of either Mr. Beck or the Koken Iron Works, plaintiff's assignors, to adopt the provisions of the deed of trust to the garnishee and waive their rights of attachment, nor do they show an estoppel *in pais*. Hence, appellant's .first declaration of law should have been given and respondent's first, second and third declarations should have been refused. Milling Co. v. Walsh, 20 Mo. App. 107; Trimble v. Bank, 71 Mo. App. 486; Commission Co. v. Railroad, 126 Mo. 334; Enterprise Soap Works v. Sayers, 51 Mo. App. 310. (3) The deed of trust being fraudulent on its face and void, the trustee, as against attaching creditors, can not be allowed to retain anything as compensation for his services as such trustee, nor can he be allowed what he paid his brother for legal services in contesting the validity of a fraudulent deed; but the garnishee must account for and pay into court both said sums, or enough thereof to satisfy the appellant's claim and costs, and the court erred in refusing appellant's declaration numbered four. "Where an assignment has been set aside as fraudulent, the assignee will not be allowed for any services or disbursements except such as were ordered or incurred in the preservation of the property." Burrill on Assignments (Ed. of 1894), sec. 381. "An assignee is chargeable with notice of the contents of the instrument under which he claims and must be deemed cognizant of and a participator in the unlawful object." Halsey v. Whitney, 4 Mason, 230; Hyllopy v. Clark, 14 Johnson, ·456; Harris v. Sumner, 2 Pick. 129. (4) A voluntary

assignee who accepts the trust, knowing from the beginning that it is liable to be set aside as fraudulent and void in bankruptcy, has not in strictness any legal claim to compensation. Hunter v. Ring, 9 Fed. Rep. 279. (5) Our State courts have even gone further than the preceding proposition, and have held that a trustee in a fraudulent deed of trust, when garnished in an attachment suit, will not be allowed to take credit for sums which he had paid to the beneficiaries of the deed prior to the beginning of the attachment suit. Potter v. Stevens, 40 Mo. 229; St. Louis Bro. Co. v. Cronin, 14 Mo. App. 586.

*Wm. B. Kinealy* for respondent.

(1) The judgment is correct, because the Koken Iron Works and H. W. Beck, prior to the assignment of their accounts to plaintiff, consented to and adopted the deed of trust executed by the Grant Quarry Company to the garnishee. 14 Am. and Eng. Ency. of Law, p. 456, tit. Fraudulent Sales and Conveyances; Burrill on Assignments, p. 40; Bump on Fraud. Conveyances, secs. 4, 55, 458 and 464. (2) The judgment is correct, also, because, even if the deed of trust had been void, the garnishee between the time of the service of the writ and of filing his answer, had no property of the Grant Quarry Company in his possession, nor any proceeds of sale of such property except $335, which was impressed with lien of prior garnishments. R. S. 1899, sec. 3461, et seq.; R. S. 1899, sec. 3436; Weil v. Tyler, 38 Mo. 545; Reagan v. Railroad, 21 Mo. 30; Ide v. Harwood, 30 Minn. 191; Mayes v. Phillips, 60 Miss. 547.

GOODE, J.—On the eighth day of June, 1898, the Grant Quarry Company executed a deed of trust to James R. Kinealy.

to secure certain creditors therein named for the debts owing to them by the grantor, aggregating about sixteen thousand dollars. This deed of trust was held constructively fraudulent in Donk Bros. v. Kinealy, 81 Mo. App. 646. Among the creditors secured by it were the Koken Iron Works for a debt of eighty-five dollars and ninety-four cents, and W. H. Beck for one of ninety dollars and seventy-five cents. Those parties were notified of the execution of the deed by the trustee, presented their demands to him, corresponded with him about them, extended credit to him in his fiduciary capacity, fully recognized the validity of the deed of trust, his status as trustee and, tacitly, at least, assented to the provisions of the instrument. Afterwards the appellant as the assignee of the two favored creditors named, instituted an attachment action on the assigned demands against the Grant Quarry Company, before a magistrate, and garnished the respondent. The summons was served on him the twenty-seventh day of February, 1899. The two statutory interrogatories allowed in proceedings before justices of the peace were exhibited, which he answered on the ninth day of March, stating that at the time he was served with the writ he did not have in his possession nor under his control any property, money or effects of the defendant, the Grant Quarry Company, and did not owe it any money then or when he answered. Issue was joined by a reply in which the plaintiff alleged that the garnishee had in his possession *at the time he was served with the process herein,* money, property and effects of the Grant Quarry Company to the amount of at least one thousand dollars. The reply then avers the execution of the deed of trust by which the Grant Quarry Company had conveyed several tracts of land and a large amount of personal property to Kinealy, and charged that *at the time he was served,* he still had said personal property, or the proceeds of the sale of it in his possession. It further alleged that the deed of

trust was executed for the purpose of hindering, delaying and defrauding the grantor's creditors, particularly the plaintiff and his assignors, and that the assignee knew at the time of the execution of that fraudulent purpose. It is claimed, therefore, by the reply, that the property and effects conveyed by the deed, or the proceeds realized by selling them, were still the property of the defendant, so that the plaintiff was entitled to satisfaction of his claim out of them. The cause went to the circuit court. At the trial there, plaintiff introduced the deed of trust, the garnishee admitted he had realized about four thousand dollars from the sale of the personal property conveyed by it, but testified that at the time he was garnished he only had in his hands, as trustee, three hundred and thirty-five dollars. He was put on the stand by the plaintiff and gave a full account of his transactions, the money he had received, and what he had disbursed. Before the service of the garnishment he had disposed of certain property on credit, the price of which was paid to him long after he answered. This amounted to, perhaps, three hundred and ninety dollars, but one hundred and forty dollars never came into his hands, part going to pay a fee to an attorney for collecting it and the balance being retained by said attorney as a payment on one of the debts secured by the deed of trust which he had charge of to collect. The trustee had paid out one hundred dollars for legal services in connection with the estate and in defending against the attack on the deed. He had also retained three hundred dollars as compensation to himself; but was compelled to pay out half of this sum on the judgments to be immediately noticed. When the writ in the present action was served on Kinealy he was already under garnishment in two other cases. One by the Donk Bros. Coal & Coke Company and the other by Hart Coal Company. Judgments were finally rendered against him in those cases and he was compelled to

use, to satisfy them, the three hundred and thirty-five dollars in cash, which was all he had on hands when the plaintiff summoned him, and nearly half of his commission besides. A number of instructions were given and refused; it will be unnecessary to quote them.

This issue has been contested by the appellant with a zeal worthy of a better cause. We find nothing in the evidence which would justify a judgment against the garnishee. The proposition that the latter can not avail himself of the two prior garnishments, on account of which he paid all the money he had as trustee when he answered in this case, and also half of what he had reserved for commission, because he did not formally plead those prior garnishments in the justice's court, is unsound. No pleadings were filed in that court except the interrogatories, the answer and the reply. Neither of the interrogatories exhibited, called for a statement by the respondent about the other garnishments. He was asked whether he had any property, money or effects of the defendant in his possession or under his control at the time of the service and whether he then owed the defendant any money or owed it any on the day he answered. Full responses to those questions required no allegation as to the previous garnishments. Formal pleadings are not required before a justice of the peace and a party may make any defense he has without such plea. Lewis v. Baker, 24 Mo. App. 682; Sherman v. Rockwood, 26 Mo. App. 403. What was proven before the justice, we do not know, but do know what was proven in the circuit court in regard to the other garnishments, and it was all brought out by the plaintiff. He put Kinealy on the stand and evoked those matters; there is no evidence to the contrary; and indeed it is not gainsaid that respondent did pay the judgments. The writs on which they were based were earlier than the plain-

tiff's, and the payment of them is a defense *pro tanto* to this action.

The attempt to make the garnishee respond again for money he had paid out under the deed of trust, in which the assignors of plaintiff were beneficiaries, and which they accepted, before the deed was held void, is not only inconsistent with the law but with common right. There was no fraud in the transaction except constructive fraud. Not a gleam of evidence appears to impugn the integrity or good faith of the trustee, who was acting, as he supposed, for the benefit of the creditors named in the deed, including the assignors of the plaintiff, who are at least stultified by the present proceeding if they are not estopped by their conduct before the conveyance was adversely construed. The trustee can not be made to pay again the money he disbursed to the preferred creditors before the plaintiff garnished him, on the supposition that he had a right to do so. Riggs v. Murray, 20 Johns., ch. 565; Ames v. Blunt, 13 Johns, Ch. 5; Cullumb v. Read, 24 N. Y. 505. It would be scandalous to say plaintiff's assignors could stand by with their secured claims, recognize the deed of trust as valid, assent to its provisions and with their hands extended to receive dividends from the trustee, and after it had been held void at the suit of an unsecured creditor, attack it and sacrifice the trustee to the amount of several thousand dollars which he had honestly paid without protest from them. There was no lien against the money or the property it represented, when he disbursed it.

It is urged that the garnishee is liable to the plaintiff for the proceeds of certain property which he had sold before he was garnished, but only collected the price of after the issues were made up. We are aware of no principle which supports this position. Bank v. Bredow, 31 Mo. 523; Lupton v. Cutter, 8 Pick. 298; Copeland v. Well, 8 Maine 411; Fitch

v. White, 5 Conn. 117; Campbell v. Nesbitt, 7 Neb. 300. If plaintiff wished to reach that fund, he should have taken out an alias writ after Kinealy collected it.

The proposition that the deed of trust was void, is inconsistent with the theory that those debts were owing to the trustee. If he had sold the Grant Quarry Company's property under an instrument which gave him no authority, then whatever sums were owing from the purchaser for it, were assets belonging to the defendant instead of the garnishee, if the property itself was not. Ide v. Harwood, 30 Minn. 199; Mayes v. Phillips, 60 Miss. 547.

We next notice the point that the respondent must answer to the plaintiff for the commission he retained and the attorney's fee he paid. We think his plight is much better than it would have been had he been an active participant in positive fraud instead of an unfortunate trustee in a badly drawn conveyance. A very modest sum is in his hands to compensate him for his services, rendered partially for the benefit of the plaintiff's assignors and altogether with their consent. The rule is to allow trustees, in instruments which have been set aside for legal flaws, reasonable credits for such services and disbursements as were rendered in collecting the assets, converting them into cash and other measures for the preservation of the estate. Hunter v. Ring, 9 Fed. Rep. 279; Platt v. Archer, 13 Blatchf. 351; In re George Lains, 16 N. B. R., 168; Hunt v. Weimer, 39 Ark. 70; Stewart v. McMinn, 5 Watts & Serg. 100; Wakeman v. Grover, 4 Paige 23; Ames v. Blunt, supra, Riggs v. Murray, supra, Bishop v. Hart, 28 Vt. 71; Ex parte Spraggins, 44 S. C. 65. No misconduct by the trustee was proven; while the charge in the reply that he knew the deed of trust was executed to defraud creditors fell flat. The evidence satisfactorily shows that the owners of the demands which constitute the subject-matter of this action

treated with Kinealy as trustee and assented to his acting as such under the conveyance executed for their benefit. They knew he was rendering services to make good their claims and are in no position to extort from him the small compensation he received. Neither is the assignee, who stands in their shoes.

The judgment is affirmed. All concur.