Choate, J.
Exceptions to master’s report, allow- *345 i-ng the defendant, who held the property of the bankrupt under a voluntary assignment for the benefit of creditors, certain disbursements for services of counsel. The case has been before the court once already on exceptions to a former report, and the principles governing these allowances were clearly stated by Judge Blatchrord. The defendant acted in good faith in accepting the assignment, and his disbursements for services of counsel, made in good faith, and which ai’e found to have been necessarily incurred down to the time that he received notice of an intention to attack the assignment as in violation of the bankrupt law, are to be allowed.
I see no reason to dissent from the conclusions of the master as to the amounts allowed for the services rendered. The question is, therefore, whether the several items are proper charges. The items for $100 for perfecting the debtors’ schedule ; $75 for services in preparing for an accounting before the State court; $20 for preparing and filing the bond required of the assignee ; $75 for getting «the bond canceled; $130 for' services respecting pledges; and $100 for interviews on the business of the trust seem to be proper within the rule. Counsel for plaintiffs insists that it must appear that the services rendered actually, benefited the fund,, and he relies on some expressions in the opinion of the learned judge in this case for excluding these items on the ground that they are not shown to have benefited the fund. But I understand the opinion to mean that while the assignee is acting in good faith and without notice of any intention on the part of creditors or a bankrupt assignee to attack the assignment, all disbursements of this character which are rendered necessary and proper by the duty and trust which the assignee has assumed towards the estate are to be deemed beneficial to the fund (see McDonald v. Moore, 15 Nat. Bankruptcy Reg. 26).
*346 The item of $200 for services rendered by counsel in the accounting in this case, being services rendered in defense of this suit brought to set aside the voluntary assignment, therefore hostile to this suit, cannot be allowed.
Defendant’s exceptions overruled.
Plaintiffs’ exceptions sustained as to item of $200.
Decree in accordance with this opinion.