# RANDOLPH *v.* SCRUGGS.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH
CIRCUIT.

No. 272.    Argued April 23, 24, 1903.—Decided May 18, 1903.

1. A claim for professional services rendered to a bankrupt in the prepara-
tion of a general assignment, valid under the law of the State where made,
is not entitled to be paid as a preferential claim out of the estate in the
hands of a trustee in bankruptcy when the adjudication in involuntary
bankruptcy was made within four months after the making of the as-
signment and the assignment was set aside as in contravention of the
bankrupt law.

2. A claim for professional advice and legal services rendered such an as-
signee prior to the adjudication of bankruptcy against the assignor, the as-
signment providing that the costs and expenses of administering the trust
should be first paid, is not entitled under the deed to be proven as a pref-
erential claim against the bankrupt estate, but so far as the assignee
would be allowed for payment of the claim, it may be preferred in the
right of the assignee.

3. On the facts in this case a claim against such an assignee for legal serv-
ices rendered at his employment in resisting an adjudication of involun-
tary bankruptcy against the assignor is not allowable as a preferential
claim, when the necessary effect of the adjudication would be to set aside
the assignment under which the assignee was acting.

4. The claim for services to the assignor for the preparation of the deed of
trust to the assignee may be proved in the bankruptcy proceedings as an
unsecured claim.

THE case is stated in the opinion of the court.

*Mr. William M. Randolph, Mr. George Randolph* and *Mr.
Wassell Randolph* for appellants.

No appearance for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

The certificate in this case is as follows:

"This is an appeal from the District Court for the Western
District of Tennessee, sitting as a court of bankruptcy, disal-

lowing a claim filed by the appellants against the bankrupt estate exceeding five hundred dollars in amount. From the transcript of the record it appears :

"(1.) That the Langstaff Hardware Company is a mercantile corporation, organized under the general law of Tennessee, providing for the organization of such corporations, which was engaged in carrying on a general hardware business at Memphis, in the Western District of Tennessee.

"(2.) Being embarrassed, it, on the 13th day of August, 1900, made a general deed of assignment, under the general assignment law of Tennessee, by which it conveyed to one C. W. Griffith, as assignee, all its corporate property of every kind, for the equal benefit of all its creditors. The assignee accepted the trust and qualified by executing bond and taking the oath prescribed by the Tennessee statute, and entered into possession of all the assigned estate. This deed of assignment provided that the assignee should pay 'reasonable counsel and attorneys' fees for preparing this deed and for advice and service to be furnished and rendered him in the course of the administration of the trust hereby created.' Within four months after this deed of assignment the Langstaff Hardware Company, upon a petition by its creditors, was adjudicated a bankrupt, and this deed set aside as in contravention of the bankrupt law. A trustee was duly chosen, who has taken possession of the assigned assets of the bankrupt.

"(3.) The appellants filed a claim against the bankrupt estate for professional services rendered the bankrupt in preparing the said deed of general·assignment, and the assignee thereunder in advising and counseling him in respect of his duties and in defending a suit brought to wind up the corporation in a state chancery court, and for services rendered the assignee in resisting the adjudication of bankruptcy.

"The items of this claim were as follows:

(a.) For servicesr endered the corporation in preparing the general assignment . . . $500 00

(b.) For general advice and counsel to the assignee. in respect to the duties of his trust . 250 00

  (*c.*) For legal services in defence of a suit brought
        in a state court wherein it was sought to
        have the corporation wound up as an in-
        solvent corporation, and its assets distrib-
        uted under the orders and decrees of the
        court    .    .    .    .    .    .    . $100 00
  (*d.*) For services rendered by employment of the
        assignee in resisting an adjudication of
        bankruptcy against the Langstaff Hard-
        ware Company .    .    .    .    .    . 300 00.

" The appellants asserted and claimed that each of said
items constituted a prior charge upon the assets and asked to
have same paid by the trustee in preference to the unsecured
creditors. The trustee and certain creditors excepted to each
item of this account.

" The referee, upon the evidence, found and certified that
the services had been rendered as claimed and were reasonably
worth the amount claimed, but that the same did not consti-
tute expenses allowable as a preference and were not otherwise
a lien. He allowed the item of $500.00 as an unsecured claim
against the bankrupt, but disallowed the other items as not
being debts of the bankrupt. His order was duly excepted to
and the questions certified to the court in due form. The dis-
trict judge sustained the referee so far as he held the claim to
be non-preferential and adjudged that none of the items con-
stituted a debt, provable for any purpose against the bankrupt
estate. From this judgment the appellants have appealed and
assigned error.

" Upon this state of facts this court desires the instruction
of the Supreme Court, that it may properly decide the ques-
tions of law thus arising:

" (1.) Is a claim for professional services rendered to a bank-
rupt corporation in the preparation of a general assignment,
valid under the law of Tennessee, entitled to be paid as a pref-
erential claim out of the estate of the corporation in the hands
of a trustee in bankruptcy, when the corporation was adju-
dicated an involuntary bankrupt within four months after the

making of the assignment, and the assignment set aside as in contravention of the bankrupt law ?

"(2.) Is a claim for professional advice and legal services rendered such an assignee, prior to an adjudication of bankruptcy against the assignor, the assignment providing that the costs and expenses of administering the trust should be first paid, entitled to be proven as a preferential claim against the bankrupt estate ?

" (3.) Is a claim against such an assignee for legal services rendered at his employment in resisting an adjudication of involuntary bankruptcy against the assignor allowable as a preferential claim when the necessary effect of the adjudication would be to set aside the assignment under which the assignee was acting ?

"(4.) If not entitled to be allowed as preferential claims, may either of the items described in the foregoing questions be proven as unsecured debts of the bankrupt corporation ?"

It is admitted that a general assignment for the benefit of creditors, made within four months from the filing of a petition in bankruptcy, is void as against the trustee in bankruptcy, so far as it interferes with his administering the property assigned. This could not be denied. *West Company* v. *Lea*, 174 U. S. 590, 595; *Boese* v. *King*, 108 U. S. 379, 385; *Bryan* v. *Bernheimer*, 181 U. S. 188. It hardly is necessary to discuss whether such an assignment should be held to be embraced in the express avoidance of conveyances made with intent to hinder, delay or defraud creditors in § 67 *e*, of the bankruptcy law. It is possible to say that constructively a general assignment falls under that description. *In re Gutwillig*, 90 Fed. Rep. 475; *S. C.*, 92 Fed. Rep. 337; *Davis* v. *Bohle*, 92 Fed. Rep. 325. One ground for such a construction would be that making the assignment is declared an act of bankruptcy by § 3. As it could not have been intended that the very conveyance which warranted putting the grantor into bankruptcy should withdraw all his property from distribution there, it seems sufficient to rely upon the necessarily implied effect of § 3. At all events, if such a conveyance be called constructively fraudulent, it would be severe to deduce consequences as

to the validity of the appellants' claim from that circumstance alone.

The assignment was not illegal. It was permitted by the law of the State, and cannot be taken to have been prohibited by the bankruptcy law absolutely in every event, whether proceedings were instituted or not. *In re Sievers*, 91 Fed. Rep. 366; *In re Romanow*, 92 Fed. Rep. 510. It had no general fraudulent intent. It was voidable only in case bankruptcy proceedings should be begun. At the time when it was made the institution of such proceedings was uncertain. It seems to us that it would be a hard and subtle construction to say, as seems to have been thought in *Bartlett* v. *Bramhall*, 3 Gray, 257, 260, that when they were instituted they not only avoided the assignment but made it illegal by relation back to its date, when, if they had not been started, it would have remained perfectly good. No doubt the corporation had notice of the bankruptcy law, but it could not go into bankruptcy by voluntary petition, and there is no objection to a debtor's distributing his property equally among his creditors of his own motion, if bankruptcy proceedings do not intervene. The view we take is that which has been taken by state decisions with reference to similar questions raised by creditors or under state insolvent laws. *Biglow* v. *Baldwin*, 1 Gray, 245, 247; *White* v. *Hill*, 148 Massachusetts, 396; *Clark* v. *Sawyer*, 151 Massachusetts, 64; *Wakeman* v. *Grover*, 4 Paige, 23, 43; *S. C.*, 11 Wend 187, 226. See also *Mayer* v. *Hellman*, 91 U. S. 496, 500, 501.

The appellants do not stop here, however, but argue that the avoidance of the voluntary assignment goes only to the administration of the property and not to the title; that the trustee simply succeeds the privately chosen assignee in the administration of the trust under the deed. Of course the object of this contention is to uphold the provision in favor of the appellants for preparing the deed and for service to be rendered the assignee. It does not seem to us to need much argument to show that this artificial refinement cannot stand. If by declaring the assignment an act of bankruptcy, the statute means that the conveyance shall not be effectual against the bank-

ruptcy proceedings, as is agreed, the natural and simple construction is that it means that the deed shall be avoided as a whole when the trustee takes the goods.. The cases which we have cited and others under insolvent and bankruptcy laws evidently take that view. It follows that the appellants can assert no preference by way of lien under the deed.

It does not follow, however, from the avoidance of the deed that the service of preparing it did not raise a valid debt. There is no sufficient reason why it should not when once it is decided that the service for which the debt is alleged was lawful when it was rendered. *In re Lains*, 16 N. B. R. 168, 170.

The more difficult question is how to deal with the services rendered to the voluntary assignee. The claim for them must be worked out through the assignee, and cannot be put higher than his claim for allowances, supposing that they had been paid. We may assume that there is no question of form before us, and that whatever the appellants properly might have been paid by the assignee they may prove for now. See *Central Railroad & Banking Co. of Georgia* v. *Pettus*, 113 U. S. 116, 124, 125; *Mason* v. *Pomeroy*, 151 Massachusetts, 164, 167. But it has been held that the assignee, even of a corporation, cannot be allowed anything for his services before the filing of the petition in bankruptcy. See *e. g., In re Peter Paul Book Co.*, 104 Fed. Rep. 786. So far as this opinion rests on constructive fraud we have indicated above that it does not command our assent. The case would be different if the assignee were party to an actual fraud. *Hastings* v. *Spenser*, 1 Curtis, 504, 507; *Smith* v. *Wise*, 132 N. Y. 172, 178; *Perry-Mason Shoe Co.* v. *Sykes*, 72 Mississippi, 390, 401. But the assignee is acting lawfully in what he does before proceedings in bankruptcy are begun, and although it may be assumed that the avoidance of the assignment relates back to the date of the deed, still so far as his services, or services procured by him, tend to the preservation or benefit of the estate the mere fiction of relation is not enough to forbid an allowance for them. See *Lynch* v. *Bernal*, 9 Wall. 315, 325, 326. This is the doctrine of the state courts with reference to the operation of insolvent laws upon voluntary assignments and of the better considered decisions under

the bankrupt laws. *Platt* v. *Archer*, 13 Blatchf. 351; *Have-meyer* v. *Loeb*, 5 Abb. N. C. 338, 345; *Macdonald* v. *Moore*, 15 N. B. R. 26; *Wald* v. *Wehl*, 6 Fed. Rep. 163, 169; *Hunker* v. *Bing*, 9 Fed. Rep. 277; *In re Kurth*, 17 N. B. R. 573; *In re Scholtz*, 106 Fed. Rep. 834; *White* v. *Hill*, 148 Massachusetts, 396; *Clark* v. *Sawyer*, 151 Massachusetts, 64; *Wakeman* v. *Grover*, 4 Paige, 23, 43; *S. C.*, 11 Wend. 187; *Collumb* v. *Read*, 24 N. Y. 505, 515; *T. T. Haydock Carriage Co.* v. *Pier*, 78 Wisconsin, 579; *Perry-Mason Shoe Co.* v. *Sykes*, 72 Mississippi, 390. See *Williams* v. *Gibbes*, 20 How. 535; *Trustees* v. *Greenough*, 105 U. S. 527, 532; *Thompson* v. *Phenix Ins. Co.*, 136 U. S. 287, 294, 295; *Woodruff* v. *New York, Lake Erie & Western Railroad*, 129 N. Y. 27. If beneficial services are allowed for they are to be regarded as deductions from the property which the assignee is required to surrender, and in that way they gain a preference. *Platt* v. *Archer; In re Scholtz; White* v. *Hill; Clark* v. *Sawyer, ubi supra.*

We are not prepared to go further than to allow compensation for services which were beneficial to the estate. Beyond that point we must throw the risk of his conduct on the assignee, as he was chargeable with knowledge of what might happen.

It does not appear how far the services to the assignee were beneficial. Therefore the questions of the Circuit Court of Appeals cannot be answered in full. But the principles as to which it desired instruction may be stated sufficiently for the disposition of the case upon a subsequent finding of facts. None of the claims is entitled to preference under the deed. The charge for the preparation of the assignment properly may be proved as an unpreferred debt of the bankrupt. The services to the voluntary assignee may be allowed so far as they benefited the estate, and inasmuch as he would be allowed a lien on the property if he had paid the sum allowed, the appellants may stand in his shoes and may be preferred to that extent. No ground appears for allowing the item for services in resisting an adjudication of bankruptcy. See *Platt* v. *Archer*, 13 Blatchf. 351, 354; *Perry-Mason Shoe Co.* v. *Sykes*, 72 Miss-

issippi, 390, 398; *T. T. Haydock Carriage Co.* v. *Pier,* 78 Wisconsin, 579, 582; *Clark* v. *Sawyer,* 151 Massachusetts, 64.

We answer the questions as follows: (1.) No. (2.) Not under the deed, but so far as the assignee would be allowed for payment of the claim, the claim may be preferred in the right of the assignee. (3.) Not on the facts appearing in the certificate. (4.) The charge for the preparation of the deed may be proved as an unsecured claim.

*Certificate accordingly.*