## In re BYERLY.

(District Court, M. D. Pennsylvania. March 26, 1904.)

### No. 141.

1. BANKRUPTCY—TRUSTEE'S REPORT—ATTORNEY'S FEES—DISALLOWANCE—EXCEPTIONS BY ATTORNEY.

Where an assignee for the benefit of creditors under the state law was appointed trustee for his assignor in bankruptcy proceedings, and on his accounting the referee disallowed certain payments made by the trustee for attorney's fees after the assignment and before bankruptcy proceedings were instituted, the attorney to whom such fees had been paid was not entitled to file exceptions to the referee's rulings.

2. SAME.

Where the whole amount of a bankrupt's estate, which passed through the hands of the trustee in both his capacities as the bankrupt's assignee for creditors and as trustee in bankruptcy, exclusive of the bankrupt's exemption, did not exceed $5,500, and the trustee's payment to his attorney of $125 for fees and $21.75 additional for serving notices and mileage, was allowed, it was proper for the referee to disallow further payments for attorney's fees.

In Bankruptcy. On certificate from W. W. Fletcher, referee.

H. H. Matter, for exceptions.

Edwin W. Jackson, for creditors.

ARCHBALD, District Judge. On December 6, 1901, the bankrupt, M. Elmer Byerly, made an assignment for the benefit of creditors under the provisions of the state law to A. H. Smith, who qualified and entered upon his duties. Within four months thereafter, on March 29th following, a petition in bankruptcy was filed against him in this court, at the instance of creditors, based on the assignment. The right to maintain these proceedings was contested by the bankrupt on the ground that the petitioning creditors had recognized and consented to

the assignment, by participating in certain meetings held under it, whereby they were estopped from trying to overturn it. But the proceedings were sustained, and on March 21, 1902, an adjudication against the bankrupt was entered. Subsequently, at the first meeting of creditors, A. H. Smith, the assignee under the state law, was chosen trustee, and after disposing of the property and effects of the bankrupt he filed an account, which was sent to the referee, and he has considered and passed upon it. It is to his disallowance of certain items therein relating to the fees of counsel that exception has now been taken.

The trustee incorporated into his account a schedule of his receipts and disbursements as assignee, and with the balance so struck started his account proper. So far as the expenditures for which he has claimed credit in this way were incurred for the preservation and benefit of the assigned estate in his hands, he is entitled to deduct them, the same as he would be if the estate was to be turned over to another; and this, as recognized in Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165, extends to what may be due for the services of counsel. But, as there pointed out, it is limited to that which was beneficial and necessary, and it is upon this that the parties here divide.

The accountant claims credit as assignee for counsel fees, as follows: Jan. 9, 1902. H. Homer Matter, Esq., retaining fee, $25. Feb. 25, 1902. H. Homer Matter, Esq., on account, $50. March 5, 1902. H. Homer Matter, Esq., balance for services, $140. In addition to this, in his account as trustee we find the following: March 12, 1903. H. Homer Matter, Esq., on account, on order of referee, $50. August. Notice on eight judgment creditors and mileage, 36, at 16 cents, $21.76. August 11, 1903. H. Homer Matter, Esq.. for balance for professional services, expenses, and stating account, $80. Taking the two accounts together, this amounts in all to $366.76. The referee refused to allow the two items of $140 and $80, reducing the claim to $146.76, and to this the attorney named has excepted.

It is very clear that the exceptions must be dismissed. In the first place, so far as the first of these items is concerned, the accountant is the only one affected, and he does not object. It is upon his rights to this credit that the referee has passed, and not upon his liability or that of the assigned estate for them to Mr. Matter. As pointed out in Randolph v. Scruggs, supra, the claim as it is now presented must be worked out through the accountant in his former capacity as assignee, and cannot be put any higher than an allowance to him for necessary counsel fees paid. If sought to be proved as a claim against the bankrupt estate, it might be different; but in that relation it would have no preference. It comes in here solely as a debt incurred in the disposition of the assigned estate, and the assignee is the only one concerned in its rejection.

The other item of $40 for services to the trustee may stand better. There is no direct provision in the bankrupt act for the payment of the fees of attorneys employed by the trustee; but they come in as part of the administration of the estate, like other necessary expenses (In re Stotts, 1 Am. Bankr. Rep. 641, 93 Fed. 438); and in that char-

acter attorneys claiming them would seem to be entitled to be heard in their behalf. But the referee in the present instance has rejected this item, as he did the other mentioned, on the merits, because he did not think it had been earned, and I see no occasion to disturb that result. The estate was not a large one; the whole amount passing through the hands of the accountant in both his capacities not exceeding $5,500, exclusive of the bankrupt's exemption. Neither does it seem to have been seriously involved. It presented simply the ordinary case of a small commercial failure, in which the services of counsel were only needed to a limited extent. It is the policy of the bankrupt act to administer the estates which are brought into court as economically as possible, and no large fees are to be expected. Those directly allowed by the act are purposely kept down to the lowest possible limits, and the courts have no right, in fixing the compensation of counsel, to be differently influenced. The attorney in the present instance has received $125 in fees, and an addition of $21.76 for serving notices and mileage, the occasion for which is not altogether manifest. I agree with the referee that this is all, under the circumstances, that he can ask.

The referee did not exceed his authority in rejecting the items referred to without waiting for express exceptions. In presenting his accounts for passing, the trustee was bound to vouch them, and to the extent that he did not do so to the satisfaction of the referee the latter was warranted in revising them as he did.

The exceptions are overruled, and the report of the referee is confirmed.