JOHN MARONEY, PLAINTIFF IN ERROR, v. VIOLA LA BARRE, DEFENDANT IN ERROR.

Submitted March 10, 1908—Decided June 15, 1908.

The statute entitled "An act for the relief of persons imprisoned on civil process" (*Gen. Stat., p.* 1726), is not a general insolvency act in conflict with the National Bankruptcy law.

---

On error to the Supreme Court.

For the plaintiff in error, *Alexander Simpson* and *Gilbert Collins*.

For the defendant in error, *J. Merritt Lane*.

The opinion of the court was delivered by

BERGEN, J.   The plaintiff in error, being imprisoned for debt on civil process, applied to the Court of Common Pleas of Hudson county for a discharge under the provisions of "An act for the relief of persons imprisoned on civil process."

*Gen. Stat., p.* 1726. It is not disputed that he fully complied with the law, but his petition was refused upon the ground that the law invoked was suspended by the United States Bankrupt act. The judgment of the Common Pleas was removed to the Supreme Court and there affirmed, and the proceedings are now here for review. The importance of the question presented becomes apparent when, as in this case, the basis of the liability is of such character that it is not permitted to be discharged under the Federal Bankruptcy law, for if the rule laid down in the court below is the true one, a defendant arrested and imprisoned on charges not dischargeable under the federal statute can be held for life, unless such statute be repealed. That the judgment is in conflict with the opinion of the Supreme Court in *Steelman* v. *Mattix,* 7 *Vroom* 344, is admitted, but it is sought to justify this result because (*a*) what was said there on the subject was not necessary to the determination of that case; (*b*) it is contrary to the trend of judicial authority. In the case cited the declaration was founded upon a bond given under the act, and a demurrer was interposed and sought to be sustained upon the ground that the bond was void because the act under which it was given was suspended by the National Bankrupt law. In the opinion overruling the demurrer, Mr. Justice Van Syckel, speaking for the court, said: "It is an act to abolish imprisonment on civil process in certain cases. It applies to the single instance of involuntary confinement, and its aim and purpose is simply to liberate the person. It has neither the scope, nor does it subserve the end of a bankrupt law. The person who invokes its aid must not necessarily be bankrupt or insolvent—he need only be incarcerated on civil process against his will." From this quotation it cannot fairly be said that the question whether the act was suspended by the Federal law or not, was not considered or passed upon. Nor was the result contrary to the trend of judicial opinion. It is well settled that a general assignment for the equal benefit of creditors which does not discharge the debtor's obligation is not void. It is made an act of bankruptcy, but, unless proceedings in bankruptcy are instituted, it is valid, and there is

no objection to a debtor distributing his property among his creditors unless bankruptcy proceedings intervene. *Randolph v. Scruggs,* 190 *U. S.* 533.

*In re Sievers,* 91 *Fed. Rep.* 366, the rule is laid down and was subsequently approved in *Randolph* v. *Scruggs, supra,* that there is a substantial difference between a proceeding under a general insolvency act and one under a statute permitting general assignments where the debtor is not discharged. The one administers upon the estate of an insolvent as a proceeding in the courts, and derives its potency from the law, winds up the estate judicially and discharges the debtor. The other derives its potency, not from the law, but from the contract or deed of the debtor supplemented only by salutary legislative safeguards, and does not result in a discharge of a debtor from his obligation.

Under our act for the relief of persons imprisoned on civil process, any person imprisoned who may be willing to deliver up his property towards the payment of his debts may apply to be released from imprisonment, upon making an inventory and giving a bond to apply for the benefit of the act. This is done by filing a petition setting forth the causes of his imprisonment, the character of his act and a list of his creditors, and thereupon executing a deed of assignment of all his estate to assignees. His property is not sequestered by force of law, but the proceeding derives potency, as was said *In re Sievers, supra,* from the deed of the debtor, and his property is administered according to the deed under legislative safeguards and does not discharge the debtor absolutely from his debts, but only "so far as regards the imprisonment of his or her person." Such an assignment of property would undoubtedly be an act of bankruptcy, but its distribution would be valid unless disturbed by proceedings in a bankrupt court. The act under consideration has for its principal object the discharge of persons imprisoned under civil process. It undoubtedly has some of the features of a bankrupt act, but it lacks the essential characteristics of a bankruptcy law, but it does not absolutely discharge the debt, but restrains its use as a basis for imprisonment, and while the debtor is required

to assign his property towards the liquidation of his debts, such assignment is subject, so far as his property and estate is concerned, to proceedings that may be instituted under the National Bankrupt act. The conclusion we reach is that the act is not in conflict with the Federal Bankruptcy law and is not suspended thereby.

The judgment of the Supreme Court and the judgment of the Court of Common Pleas should be reversed and the record remitted to the latter court to be there proceeded with according to law.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, GREEN, GRAY, DILL, J.J. 15.