# IN THE MATTER OF FELIPE RAMIREZ-QUINONES, Bankrupt.

---

Ponce, Bankruptcy, No. **40.**

PRIORITY BY PUBLIC INSTRUMENT.

Preference Under Bankruptcy Act.

    1. A notarial instrument executed within four months prior to bankruptcy, which creates a priority under the local laws, is a transfer granting a preference within the provisions of § 60 (a) of the Bankruptcy Act.

Preference or Priority under § 1825 (4) (a), Civil Code.

    2. A notarial instrument recognizing the validity of anterior promissory notes does not create a preference or priority under § 1825 (4) (a) of the Civil Code; this section only applies to notarial instruments executed for a present consideration.

Opinion filed July 16, 1915.

---

*Mr. R. V. Perez-Marchand* attorney for Ermelindo Vidal.

*Mr. Harry F. Besosa* attorney for majority creditors.

In the Matter of Ramirez-Quiñones.

HAMILTON, Judge, delivered the following opinion:

It seems that petitioner Vidal is the son-in-law of the bankrupt Quiñones, and claims in his petition to have loaned the bankrupt sums of money at different times, evidenced by promissory notes, amounting in all to $5442.85. Quiñones filed a voluntary petition in bankruptcy on February 28, 1915, and petitioner Vidal at the first meeting of creditors filed a claim for the debt, and claimed priority therefor, as an indebtedness, which, without a special privilege, appears in a public instrument. Section 1825 (4) (a) of the Civil Code of Porto Rico. The facts upon the hearing before the referee developed that the debt was evidenced by a notarial act executed by the bankrupt in favor of petitioner November 21, 1914, authenticating the three promissory notes then due by him to petitioner. The referee disallowed the priority, and the bankrupt files this petition for review.

The alleged public instrument is not made a part of the petition, but the claim of priority is made under Civil Code, § 1825 (4) (a), as a priority allowed by the Bankruptcy Act, § 64b (5), as to "debts owing to any person who by the laws of the state or of the United States is entitled to priority." In § 1 (24) of the Bankruptcy Act on definitions "states shall include the territories," and this has several times been held to apply to Porto Rico.

It seems that the notes originally evidencing the debt were more than four months prior to the bankruptcy, but the reduction of the obligation to an authentic act was within the four months prior to the bankruptcy.

1. Under § 60 (a) of the Bankruptcy Law, "a person shall

In the Matter of Ramirez-Quiñones.

be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required." [30 Stat. at L. 562, chap. 541, as amended by 32 Stat. at L. 799, chap. 487, § 13, Comp. Stat. 1913, § 9644.]

It is argued that in this case there is no insolvency, judgment, or transfer. The referee, however, reports that the inference he drew from the evidence was that the bankrupt was insolvent at the time of executing the instrument in question, and no reason is shown to the court to disturb his conclusion on this point.

2. Literally, it is true that executing the public instrument was not procuring or suffering the judgment to be entered against himself, but if the contention of the bankrupt is correct, that the execution of this public instrument confers a preference for the indebtedness recited, even without a new consideration, it is to all intents and purposes a lien, and is within the spirit of this inhibition against judgments. The object of the Bankruptcy Law is equality among creditors, and the act of which the petitioner now seeks to take advantage, whether technically a judgment or not, operates as a prefer-

VIII. Porto Rico—14.

In the Matter of Ramirez-Quiñones.

ence, if it has any effect at all. Re Nido y Mayo, 6 Porto
Rico Fed. Rep. 296. In the same manner, technically, the
transaction may not have been a transfer of property, but in
the meaning of the law it was creating an encumbrance upon
property, and so within the spirit of the bankruptcy inhibition
against transfers. When a person owns the entire title of
property and by any instrument, no matter what its form or
name, creates an interest in that property in favor of a cred-
itor, which will give that creditor a right against himself and
against other creditors, he is making a transfer within the
purview of the Bankruptcy Law. So far as he does anything,
he parts with a portion of the property right which he had
before "and the effect of the enforcement of such judgment
or transfer will be to enable any one of his creditors to obtain
a greater percentage of his debt than any other of such cred-
itors of the same class." Bankruptcy Act, § 60 (a).

It follows, therefore, that, if the Civil Code, § 1825 (4)
(a), creates a priority, it is one which, under circumstances
such as in the case at bar, is forbidden by the Bankruptcy Law.

3. It has also been decided in this court (Re Boucet, 7 Porto
Rico Fed. Rep. 403, January 4, 1915), that Civil Code § 1825
(4) (a), does not apply to promissory notes. Promissory
notes are covered by the Code of Commerce, and not by the
Civil Code, and merely reciting them in an instrument exe-
cuted before a notary does not change the obligation in any
respect. No new obligation is created. To come within the
meaning of § 1825 (4) (a) there must be an instrument for
a present consideration which creates some right. Unless this
is so, the transaction is not protected under the terms of the
Bankruptcy Act as to local liens.

In the Matter of Ramirez-Quiñones.

4. If the natural result of a transaction is to create a preference, the law will impute the intention to the debtor. Wilson v. Mitchell-Woodbury Co. 31 Am. Bankr. Rep. 837. The intent to prefer need not be proved by direct evidence, but may be presumed from circumstances. Utah Asso. v. Boyle Furniture Co. 31 Am. Bankr. Rep. 488. An advantage given by a bankrupt to a creditor, without a present consideration, does not cease to be a preference because it is given in the form of a lien. Stern v. Louisville Trust Co. 7 Am. Bankr. Rep. 305. Contracts without consideration have no effect whatever under the Porto Rican law, even without regard to bankruptcy. Civil Code, § 1242.

It is not intended hereby to define what the bankruptcy Law will enforce under Civil Code § 1825 (4) (a), but to decide that transactions like the one at bar are not those which are protected by the double shield of the Civil Code and the Bankruptcy Law. If a debtor and a favored creditor can go before a notary a short time antecedent to a petition of voluntary bankruptcy, and by a written agreement in the shape of a public instrument give this creditor's old debts a priority over all others, it will be within the option of the debtor to give such preferences as he pleases, and the Bankruptcy Law would practically be nullified. This court is not prepared to construe the Bankruptcy Act in a manner which will produce this result. What bearing § 1825 (4) (a) may have it is unnecessary to determine. It certainly does not have the effect contended by the petitioner in this case. The local law cannot give a lien for something which contravenes the spirit of the Bankruptcy Act. Randolph v. Scruggs, 190 U. S. 533, 47 L. ed. 1165, 23 Sup. Ct. Rep. 710.

In the Matter of Ramirez-Quiñones.

It follows, therefore, that the decision of the referee was correct, and the petition of review is denied. It is so ordered.