## In re SOBOL.

(District Court, S. D. New York. November, 1915.)

1. BANKRUPTCY ⊚⇒317—ASSIGNEES—COMPENSATION.

Where an assignment for the benefit of creditors has been alleged as an act of bankruptcy, the sole duty of the assignee is to preserve the estate, and, .ordinarily, to preserve it intact, for the trustee when elected, and he is not entitled to compensation merely by virtue of his office, but can only claim compensation measured by the extent of his labors in preserving and keeping the estate for the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 493–495; Dec. Dig. ⊚⇒317.]

2. BANKRUPTCY ⊚⇒317—ASSIGNEES FOR BENEFIT OF CREDITORS—LIABILITY.

Where an assignee under an assignment for the benefit of creditors, which had been alleged as an act of bankruptcy, employed an auctioneer,

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

who summarily sold a part of the goods intrusted to his care, to pay a bill for expenses rendered by him, the assignee was responsible for this act of the auctioneer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 493–495; Dec. Dig. ☞317.]

In Bankruptcy. In the matter of Solomon Sobol, bankrupt. On motion to confirm the report of a special master. Report confirmed.

E. M. Kaiser, of New York City, for trustee.
J. N. Helfat, of New York City, for assignee.

HOUGH, District Judge. This case, though upon a very small scale, is illustrative of the difficulties and dangers to which parties are subjected who venture to proceed under an assignment when they know that the act of making the assignment has been alleged as an act of bankruptcy, and that they will therefore certainly face an accounting in this court for what is done under the assignment.

Experience has shown that a majority, if not a very large majority, of assignments for the benefit of creditors made within this jurisdiction are executed largely for the purpose of increasing the amount of fees thought to be obtainable from the estate, although it is likewise true that any lawyer finds it much easier to cause an assignment to be executed than to go through the preliminary and badly paid labor of preparing schedules in bankruptcy.

It is not intended by the foregoing to criticize or make any accusation against the assignee in this case, who is known to the court and has not infrequently been made its representative, viz., a receiver.

[1] But all persons, and especially all lawyers who become assignees under our state practice, are bound to recognize not only the letter but the spirit of the Supreme Court ruling in Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165, 10 Am. Bankr. R. 1. That spirit is that their sole duty is to preserve the estate, and ordinarily to preserve it intact for the uses and purposes of a trustee when elected. They are not entitled to compensation merely by virtue of their office; their sole claim to any reward is measured by the extent of their labors in preserving and keeping the estate for the purposes aforesaid.

[2] Not only must members of the bar recognize the measure by which their services as assignee and as attorney for assignees will be estimated, but they should carefully remember that the scale of charges for the services of watchmen, auctioneers, appraisers, and the like has been established by a long course of rulings in the bankruptcy court. In this instance an auctioneer was employed who rendered a bill for expenses (apparently in lotting the goods and the like) and then, when he did not get his bill paid when and as he preferred, summarily sold a portion of the goods intrusted to his care at prices which may or may not have been sufficient. For such a case of taking the law into one's own hands there is no remedy at all unless the assignee be made (as he has been made here) responsible for the acts of the agent (the auctioneer) whom he deliberately chose.

As has been said before, the whole amount of money here involved

is trifling. For that reason the case serves well as an opportunity for insisting upon the necessity of holding an assignee to as strict an accountability as a trustee and not permitting the incurring by him of expenses or the taking of risks in respect of the property in his charge which would not be permitted in the case of a trustee or bankruptcy receiver.

I fail to find in the report of Mr. Willis any instance in which, if this assignee had been an accounting trustee, he would not have been accorded exactly the treatment here shown.

The report is confirmed.