### In re VORCK.

(District Court, D. Montana. August 22, 1916.)

No. 1464.

BANKRUPTCY ⚎165(1)—PREFERENCES—DIVIDENDS PAID BY ASSIGNEE FOR CREDITORS.

An assignment for the benefit of creditors, although avoided by bankruptcy proceedings within four months, is not void, and dividends paid by the assignee in the meantime in good faith do not constitute preferences which creditors receiving them must surrender before proving their claims, although creditors who did not participate in the dividends are entitled to have their claims equalized with those who did before further distribution is made, and if necessary for that purpose a portion of the dividend paid may be recovered by the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⚎165(1).]

⚎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of Charles H. Vorck, bankrupt. On review of order of referee disallowing claim. Reversed.

James A. Walsh and E. C. Day, both of Helena, Mont., for appealing creditor.

Wight & Pew, of Helena, Mont., for objecting creditor.

BOURQUIN, District Judge. Vorck assigned for the equal benefit of his creditors, and within four months thereafter petitioned and was adjudicated bankrupt. In the meantime the assignee paid dividends of 35 per cent. to all creditors known to him. The claim of a creditor so receiving dividends was objected to by a creditor unknown to the assignee, and the referee sustained the objection, in that the assignment was void and the dividends were a preference, and disallowed the claim.

No actual fraud, no intent to hinder, delay, or defraud creditors, no greater percentage to be received by the creditor claimant than by any other creditor of the same class, and obviously no reasonable cause for such creditor claimant to believe by the assignment and dividends a preference would be effected, appear.

Assignments for benefit of creditors are lawful though acts of bankruptcy, and are not void, but for rather indefinite reasons are held voidable, provided bankruptcy proceedings are initiated within four months from the assignments. Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165. If so avoided, the assignee's powers are at an end, but his past administration in good faith is lawful and beyond impeachment, save to the extent impeachable if bankruptcy had not intervened.

In the instant case the dividends received by the creditor claimant do not come within the Bankruptcy Act's definition of preferences. Act July 1, 1898, c. 541, § 60, 30 Stat. 562 (Comp. St. 1913, § 9644). They are not preferences, and so are not within the act disallowing claims unless preferences are surrendered. Undoubtedly, if because of creditors' neglect to present claims the assignee paid other creditors excessive dividends, the excess is money paid by mistake and can be recovered by the trustee. Bankruptcy proceedings being in equity, this may be directly accomplished by the trustee first paying the neglectful creditors dividends in like proportion to those paid other creditors by the assignee. If the assets do not admit, though it seems they will, the trustee may proceed against those excessively paid in so far as necessary to make up the deficiency. See Page v. Rogers, 211 U. S. 581, 29 Sup. Ct. 159, 53 L. Ed. 332.

The referee's order is set aside, and the claim of the petitioner for review will be allowed.