## In re COOPER.

(District Court, D. Massachusetts. February 28, 1917.)

No. 23714.

BANKRUPTCY ⊙═347—PREFERRED CLAIMS—CLAIMS OF ASSIGNEE.

A claim for the necessary expense for an appraisal of the property of a bankrupt, which prior to bankruptcy was transferred to a common-law assignee. is entitled to be preferred, though presented by the appraiser directly against the bankrupt estate; for such appraisal was for the benefit, not only of the assignee, but of the bankrupt estate, establishing the amount and value of the property.

In Bankruptcy. In the matter of the bankruptcy of Nathan Cooper. Proceeding to review order of referee denying claim of common-law assignee. Order reversed, and claim allowed.

Leon R. Eyges, of Boston, Mass., for common-law assignee.
George I. Cohen, of Boston, Mass., for trustee.

MORTON, District Judge. The common-law assignee sold all the chattel property and reduced the entire estate to money. An adequate appraisal of the property which originally came into his hands seems to have been desirable, both for his protection and for the information of the trustee, if bankruptcy proceedings should be instituted. The charge for it appears reasonable, and there is no suggestion that the amount is excessive, or that the work was not well done. It seems to me that in this case an appraisal was reasonably necessary, in connection with the proper preservation and care of the property received by the assignee, and that the assignee, if he had paid the expense of it, should have been allowed therefor in his account with the trustee. If so, under Randolph v. Scruggs, 190 U. S. 533, 539, 23 Sup. Ct. 710, 47 L. Ed. 1165, the claim is entitled to be preferred, although presented by the appraiser directly against the bankrupt estate.

The order of the referee is reversed, and the claim is allowed.