### In re HANSON & TYLER AUTO CO.

(District Court N. D. Iowa, C. D. July 31, 1922.)

No. 1257.

**Bankruptcy ⬅347—Claim for auditing books.**

Claim for auditing the books of bankrupt, commenced before, but completed after, a general assignment for benefit of creditors, disallowed as a preferred claim except for such part of the work as was done after the assignment; the remainder of the claim reduced in amount and allowed as a general claim.

In Bankruptcy. In the matter of the Hanson & Tyler Auto Company, William A. Hanson, and Roy C. Tyler, bankrupts. On review of order of referee allowing claim of Marwick, Mitchell & Co. as preferred claim. Modified.

See, also, 283 Fed. 848.

Frank Maher, of Ft. Dodge, Iowa, for bankrupts.
Seth Thomas, of Ft. Dodge, Iowa, for creditors.

SCOTT, District Judge. The above-entitled matter came on for hearing before the court on the 19th day of June, 1922, upon the petition of C. W. Gadd, trustee in bankruptcy, for review of an order by John M. Schaupp, Jr., referee in bankruptcy, made and entered on the 28th day of September, 1921, establishing the claim of Marwick, Mit-

---

chell & Co., of Chicago, Ill., as a preferred claim in the sum of $2,-368.49. The certificate of the referee shows the following quoted summary of evidence, although the files and transcript do not indicate that any testimony of witnesses was ever taken:

"That some time during the month of October, 1920, the bankrupt authorized Marwick, Mitchell & Co., of Chicago, Ill., at the request of a creditor or creditors to make an audit of the books of Hanson & Tyler Auto Company and that a payment was made by Hanson & Tyler Auto Company of $250.

"That bankrupt refused representatives of the said Marwick, Mitchell & Co. access to the books until at a later time, during said month of October, 1920, a meeting of some of the creditors of Hanson & Tyler Auto Company was held in Ft. Dodge, Iowa, with a view to having a general assignment made for the benefit of creditors, and at this meeting the creditors present authorized the audit to be made, and that thereafter the audit was made.

"That the estimated cost of making such audit was $1,500, and that the actual cost of making the same was $3,337.99, as shown by the statement attached to the proof of debt handed up herewith.

"That the audit was not completed until after an assignment was made for the benefit of creditors, C. W. Gadd being the trustee under said assignment, and that the audit was delivered to him while acting as such trustee under the general assignment; that the audit was used by him as such, and that it was filed herein as a schedule by the bankrupt, and that said audit has since been used by the trustee in bankruptcy."

The claim filed is upon an ordinary blank, and contains no averment which in any way would entitle it to a preferential allowance, nor is there any specific allegation of reasonable value or extent of services. The itemized bill, attached to the claim and made a part thereof, is rendered against Hanson & Tyler Auto Company (the bankrupt).

The theory upon which preference is claimed is that the services in question were rendered to an assignee under a general assignment under the state law immediately preceding the adjudication in bankruptcy and that the services were beneficial to the estate. The authority relied upon to support this contention is the case of Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1167. The decision referred to approves the doctrine of protecting an assignee under state laws and under provision of a state court to the extent of the service or expense which is beneficial to the estate. In that connection the court in its opinion said:

"We are not prepared to go further than to allow compensation for services which were beneficial to the estate. Beyond that point we must throw the risk of his conduct on the assignee, as he was chargeable with knowledge of what might happen."

With respect to the matter under consideration, it does not appear that an audit was in fact made for the assignee under the general assignment. The audit was made under an arrangement with the bankrupt itself and certain creditors of the bankrupt, and largely completed before the assignment under the state law was made. It is claimed, however, that it was not completed, and that some of the work overlapped the period of the assignee's administration, but how much does not appear. The estimated cost at the time the arrangement was made is said to have been $1,500. The compiled audit for which the charge is made is certified by the referee with the record and evidence, and the court is fully convinced that the estimated sum is very ample com-

pensation for the making of the audit in question. There is an item in the bill of $865.49 for traveling and subsistence expenses. This item is a very unusual one to be included without explanation.

Now, on this 31st day of July, 1922, said matter comes on for final determination and order in the premises, and, after carefully considering the claim as filed, the summary of evidence certified, and the entire record in the case, the court is convinced that $1,500 is very ample compensation for the services performed, and especially when the item for traveling and subsistence expenses is allowed in addition, which the court reluctantly includes, making an aggregate allowance of $2,-365.49. From this should be deducted the $250 paid on November 18, 1920. The court is further of the opinion that the sum of $500, of the $1,500 service item, may be allowed as preferred, on account of having been rendered to the assignee under the state law and being beneficial to the estate.

It is therefore ordered and adjudged that the order of the referee, which is now reviewed, be modified, and that said claim be established in the sum of $2,115.49, and that said claim to the extent of $500 only be established and allowed as a preferred claim, the balance to be established as a general claim only, and that the order of the referee, petitioned from, as so modified, be approved and affirmed.