## In re WASHINGTON BREWING CO.
### No. 21274.

District Court, W. D. Pennsylvania.

Sept. 25, 1944.

Watson B. Adair, of Pittsburgh, Pa., referee in bankruptcy.

Robert C. Sproul, trustee, and Bernard Goodman, both of Pittsburgh, Pa., for trustee.

Samuel Goldfarb and Jay W. Troutman, both of Washington, Pa., for receivers in Common Pleas Court of Washington County, Pa.

Frank W. Stonecipher, of Pittsburgh, Pa., for Goldfarb and Troutman.

GIBSON, District Judge.

Some time prior to March 21, 1942, one John J. Zwick, represented by Messrs. Goldfarb and Troutman as counsel, filed a bill in equity in the Court of Common Pleas of Washington County, Pennsylvania, and, after several continuances, that court, on March 21, 1942, appointed receivers for the Washington Brewing Company. That company had been out of business for about three years and it is quite plain that action to preserve its assets, whether by the action mentioned or by a bankruptcy proceeding, was necessary.

After the appointment of receivers by the Washington County Court, a petition in bankruptcy was filed on March 23, 1942, and this court took possession of the assets. Later the receivers appointed by the state court filed a petition therein by which they sought for an order discharging them and fixing the amount of their costs and compensation. This order was made, but under the circumstances is to be considered by this court perhaps only as advisory. This fact was recognized by those concerned and a like petition was filed before the Referee, who granted the requests of the receivers, but denied that of Messrs. Goldfarb and Troutman for a requested compensation of $100 for their services and $15.22 for expenses. Based upon this denial the matter has been certified to this court.

The Referee's ruling was based upon Randolph v. Scruggs, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165. In that case the application was made by an attorney for preparation of a general assignment for creditors within four months of bankruptcy. The claim was refused as preferred but approved as a general claim. We have no criticism of the Referee's interpretation if the basis of it is properly Randolph v. Scruggs, but feel that the facts of the instant matter differ very materially from those before the court in that case. Here the matter was before a court of competent jurisdiction which acted, as must be assumed, in proper exercise of that jurisdiction. In fact, as intimated supra, proceeding to obtain judicial possession of the assets of the company might well have been taken considerably prior to Zwick's petition. True, as the Referee found, counsel for the state receivers had been informed

that a bankruptcy petition would be filed in the near future (by whom not stated) but neither they nor the State court were compelled to rely upon that information. In view of the prior delay they were probably right in making the matter certain.

Feeling that the status of a receiver appointed by a court of competent jurisdiction is superior to that of an assignee for creditors, and that those who move the court for relief granted are in better position to ask compensation for services than is the scrivener of an assignment for creditors, and also that the services rendered were of value in the bankruptcy proceeding, the court will overrule the Referee in the case at bar.