**In re John W. JORDAN, Bankrupt.**

**Bankruptcy No. 76-125.**

United States Bankruptcy Court, D. Rhode Island.

Nov. 15, 1985.

## DECISION AND ORDER ON ATTORNEYS' FEES

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the application of A. David Tammelleo, Esq., attorney for the trustee, for compensation in the amount of $2,718 for services and $95 for reimbursement of expenses. The trustee's account shows total assets of $3,613. There are $103,000 in claims. This "Old Act" case has been pending since March 29, 1976, and if the application is allowed as requested, unsecured creditors will receive less than one-half of one percent of their claims.

The legal services performed in this case,[1] which did not require special legal expertise or complexity, relate primarily to the sale of two assets: (1) the bankrupt's interest in a parcel of Florida real estate for $2,000; and (2) the bankrupt's interest in certain securities for $1,163. The applicant contends, however, that this was a most "extraordinary case," that initially the bankrupt failed to disclose his interest in either of the above-mentioned assets, and that without counsel's diligent investigation, neither the assets nor $3,613 derived from their sale would have entered the estate. Although the trustee's recovery and liquidation of these assets was certainly of value to the estate, their discovery was to be expected in the ordinary course of the trustee's performance of his

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rules 7052 and 9014.

duties, and essentially this was a routine administrative matter. Counsel has not demonstrated that the requested fee is reasonable in light of the nature of the work performed or the results achieved, and neither does his criticism of opposing counsel's conduct add substance to the application. Letter in Support of Application for Attorneys' Fees at 2, April 9, 1985.

In determining allowances in cases commenced under the Old Act, we are guided by former Bankruptcy Rule 219(c),[2] which provides that consideration be given to the "nature, extent, and value of services rendered as well as to the conservation of the estate and the interests of creditors." *See Randolph & Randolph v. Scruggs*, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165 (1903); *In re Penn-Dixie Industries, Inc.*, 18 B.R. 834 (Bankr.S.D.N.Y. 1982). Also, in Old Act as well as in Code cases, courts must keep in mind the size of the estate in relation to the number of creditors and the dollar amount of their claims. *See In re Potter's Gasoline Distribution, Inc.*, 41 B.R. 771, 772 (Bankr.D. R.I.1984). "Benefit to the Estate," is and always has been a key element by which compensation must be measured, and where, as here, the fee request encompasses virtually the entire estate, a major objective of the bankruptcy process, i.e. distribution of assets to creditors, would be frustrated. *See In re National Finance Corporation*, 41 B.R. 329 (Bankr.D.R.I.1984).

Here, even if the assets were greater, the alleged value of counsel's services in relation to the nature of the work performed appears to be considerably overstated. In this case there are no factors that would even begin to account for the lack of dispatch with which things were handled (the case is now 9 years old), or the number of hours (36) spent in accomplish-

ing the liquidation. *See In re Ducharme,* 39 B.R. 681 (Bankr.D.R.I.1984). Also, the requested hourly rate of $75 is high, considering that the bulk of the work of any benefit to the estate began in 1976, and was substantially concluded long prior to 1980 when prevailing hourly rates were much lower than they are today. *See In re Bishop,* 32 B.R. 302 (Bankr.D.R.I.1983).

Accordingly, we conclude that based upon the results obtained, the amount of the request compared to the size of the estate, the nature of the problems encountered, the need for "conservation" of the estate, and the interest of the large creditor body, a fee [3] of $1,406, plus expenses of $95 is determined to be reasonable, and it is so ordered.

---

2. Former Bankruptcy Rule 219(c):
   (c) Factors in Allowing Compensation.
   (1) General. The compensation allowable by the court to a trustee, receiver, marshal, attorney, accountant, or other person entitled to compensation for services rendered in the administration of a bankrupt estate shall be reasonable, and in making allowances the court shall give due consideration to the nature, extent, and value of the services rendered as well as to the conservation of the estate and the interests of creditors.

