**In re VALLEY ISLE BROADCASTING, LTD., Debtor.**

**Bankruptcy No. 83–00563.**

United States Bankruptcy Court, D. Hawaii.

Dec. 30, 1985.

Joel E. August, Wailuku, Maui, pro se.

Mark Davis, Honolulu, Hawaii, for debtor.

MEMORANDUM DECISION AND ORDER RE: APPLICATION FOR PAYMENT OF ATTORNEY'S FEES AS ADMINISTRATIVE EXPENSES

JON J. CHINEN, Bankruptcy Judge.

On February 4, 1985, Lowenthal & August ("Applicant") filed an Application for Payment of Attorney's Fees as Administrative Expense, and an Amended Application on July 12, 1985. Hearings were held on May 10, 1985 and August 9, 1985 before the undersigned judge. Debtor opposed the payment of pre-petition attorney fees. A memorandum in support of the application was filed by the Applicant on August 22, 1985. The Court, being advised in the premises, and having reviewed the files and memorandum filed herein, now renders this memorandum decision and order.

11 U.S.C. Section 503(b)(3) and (4) states:

(b) After notice and a hearing, there shall be allowed administrative expenses,

other than claims allowed under Section 502(f) of this title, including—

. . . .

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(A) a creditor that files a petition under Section 303 of this title;

(B) a creditor in connection with the prosecution of a criminal offense relating to the case or to the business or property of the debtor;

(D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title; or

(E) a custodian superseded under section 543 of this title, and compensation for the services of such custodian;

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant;

■ This language permits the court to allow as administrative expenses certain qualifying pre-petition expenses. The principal test is whether the services were a benefit to the debtor's estate. As the court in *In re Jensen-Farley Pictures, Inc.*, 47 B.R. 557, 569 (Bkrtcy.1985) stated:

The appropriate test under Section 503(b) is whether the services substantially contributed to a successful result, that is, an actual and demonstrable benefit to the debtor's estate, the creditors, and, to the extent relevant, the stockholders. (citations omitted).

11 U.S.C. Section 503(b)3(E) was intended to codify the "Equitable Benefit" Doctrine of *Randolph v. Scruggs*, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165 (1903). *In re Jensen-Farley Pictures, Inc.*, 47 B.R. 557, 570–571 (Bkrtcy.1985), the court stated:

The equitable benefit doctrine of *Randolph v. Scruggs* permitted assignees and others, usually receivers, to receive such prepetition expenses as were reasonably incurred in the care and preservation of assets, which inured to the benefit of the bankruptcy estate. (citations omitted).

The following prepetition expenses were accorded an administrative priority as tending to preserve and benefit the bankruptcy estate: (1) appraiser's fees; (2) fire insurance premium; (3) repairs, insurance, and taxes paid by the assignee; (4) reimbursement of bills incurred by an assignee for electric lights; (5) assignee's expenses of operating the debtor's business; (6) premium on the assignee's bond; (7) assignee's expenses of taking an inventory and recovering possession of and protecting assets after having been forcibly dispossessed by the debtor; (8) assignee's expenses incurred in adjusting a fire insurance claim for destruction of property of the debtor; and (9) warehouse storage expenses incurred by a sheriff pursuant to a prepetition levy in an attachment proceeding, which preserved the debtor's property for the benefit of creditors. (footnotes omitted).

In every case in which prepetition expenses were allowed, a demonstrable benefit to the estate was shown. The benefit was required to be substantial and courts carefully scrutinized such requests. *See Bass v. Quittner, Stutman & Treister*, 381 F.2d 54, 59 (9th Cir.1967). It should be borne in mind that the Supreme Court clearly stated in *Randolph v. Scruggs* that "[w]e are not prepared to go further than to allow compensation for services which were beneficial to the estate." 199 U.S. at 539, 23 S.Ct. at 713.

Applying the foregoing to this case, Applicant argues that its services benefitted the estate in that it was able to prevent the major secured creditors from foreclosing

on their liens until Debtor filed its bankruptcy petition; and that it did attempt to sell Debtor's property to potential purchaser's.

After a review of the time-sheets submitted, the Court finds that Applicant's services did not benefit the estate. Applicant merely delayed the filing of the Bankruptcy petition, but did not defeat the secured claims of Bank of Hawaii or Bancorp Leasing of Hawaii. In this respect, Applicant is not unlike the attorneys for pre-petition creditors committees who attempted to work out a pre-bankruptcy plan amenable to all parties concerned. Courts have held that such unsuccessful attempts should not gain a priority status for fees and costs incurred, as no benefit to the estate occurred. *In re Jensen-Farley Pictures, Inc.*, 47 B.R. 557 (Bkrtcy.1985).

Applicant in reality did what any other attorney would do under the circumstances: that is, defend against actions brought against the debtor, and to attempt to effectuate a settlement. *In Finn v. Childs, Co.*, 181 F.2d 431, 439–440 (2d Cir.1950), the Court had this to say on the compensation of prepetition services:

> [T]he very tenuous statutory basis for any allowance does not seem to us to justify awards for uncertain and somewhat problematical benefits thus conferred on the administration of an estate before it has begun. The difficulty is in seeing where much of any line can be drawn to reduce the potential contribution for prior activities during the always-occurring prior period of financial stress. Activities supporting the management will be beneficial as aimed at avoiding the disaster of bankruptcy; while activities opposing its excesses will be beneficial as hastening the curative and cleansing course of reorganization. The cases emphasize that when such allowances are made they must be for work which "directly contributes" to the reorganization; thus we have held that *compensation is not allowable from the estate "for the work of the attorneys in conserving the debtor's assets"* as well

as in proposing an arrangement differing from the reorganization finally effected.... To have this direct connection it would seem that the services *must not only be ultimately beneficial in some clearly observable way, but also have been directed toward the specific rehabilitation of the debtor which actually took place.* Chance and unwitting action, or activities a year or so earlier to control the course of creditor pressure upon the debtor, would seem clearly outside the narrow limits of the precedents, even if these in turn do go somewhat beyond the literal statutory language. (footnotes and citations omitted) (emphasis added).

■ Finally, it should be noted that in case where pre-petition attorney fees have attained an administrative expense status, they have not involved attorneys representing the *Debtor*, but rather attorney representing creditors and creditor's committee. *See e.g. In re Ulen & Co.*, 130 F.2d 303 (2d Cir.1942). While in a technical sense, Applicant is a creditor, in reality Applicant is an agent of the Debtor, employed to handle Debtor's legal matters. As such Applicant was merely doing what it was employed to do.

Based on the foregoing, it is clear that Applicant's services were of an ordinary nature, and did not benefit the estate, but merely delayed the filing of the bankruptcy petition. Further, Applicant's attempts at selling the Debtor's property were not successful.

■ A final issue must be resolved: that of the Applicant's post-petition services. The Court notes that Applicant was never authorized by this Court to serve as an attorney for the Debtor, and the post-petition services were a duplication of the Debtor's attorneys.

Accordingly,

IT IS HEREBY ORDERED that the Applicant's Application for Payment of Attorney's Fees as Administrative Expense, filed herein on July 12, 1985, is denied.

IT IS FURTHER ORDERED that Applicant's claim for prepetition attorney's fees shall be treated as an unsecured claim.

IT IS FURTHER ORDERED that Applicant's request for compensation for postpetition services are denied as Applicant was not authorized to serve as Attorney for the Debtor.