**In re The CABLEHOUSE, LTD., Debtor.**

**Bankruptcy No. 1–86–00157, Contested Docket A.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 14, 1986.

As Amended Aug. 21, 1986.

Rosemary E. Grieme, Cincinnati, Ohio, for CG & E The Cincinnati Gas & Elect. Co.

William T. Hayden, Cincinnati, Ohio, for debtor.

### DECISION AND ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY (CG & E CO.)

BURTON PERLMAN, Bankruptcy Judge.

In this Chapter 11 case, a provider of utility service, Cincinnati Gas and Electric Company (CG & E) has moved for relief from stay. Prior to the filing of the instant Chapter 11 case, a receiver had been installed by the state court with respect to this debtor. CG & E says that there remains unpaid to it on account of utilities provided during the tenure of the receiver, the sum of $4,472.40. CG & E is holding deposits in the amount of $2,640.00 against receivership bills. In its motion, it seeks the right to set off the deposits held against the amount owed on account of receivership indebtedness. Further, CG & E says that the receiver turned certain funds over to debtor upon the institution of the bankruptcy case. It seeks here the further relief that it be paid the balance on its account owed by the receiver of $1,832.40 from such funds. It is not disputed that the amount turned over by the receiver to the debtor-in-possession was sufficient to cover the $1,832.40 sought by CG & E.

The matter came on for preliminary hearing. At that time the parties agreed that final hearing could be dispensed with, since all matters were fully presented at the preliminary hearing. (At the hearing, CG & E revised the amount sought from $1,832.40 to $1,555.25. Further, debtor does not dispute the right of CG & E to set off the $2,640.00 it holds in security deposits against pre-filing utility charges incurred by the receiver. Relief from the stay so that CG & E may complete the set off it seeks will therefore be granted to movant as prayed.)

It must be noted that CG & E here seeks very specific relief. That is, it contends that it is entitled to be paid $1,555.25 right now. Debtor, on the other hand, opposes such relief, saying that as to any further indebtedness incurred during the tenure of the receiver, CG & E is only a general unsecured creditor. It argues that to grant CG & E the relief it seeks would be to grant it an unjustified preference.

■ In support of its position, CG & E calls our attention to the equitable benefit doctrine to be found in *Randolph v. Scruggs*, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165 (1903) which permits individuals such as receivers to receive pre-petition expenses reasonably incurred in the care and preservation of assets, which inure to the benefit of the bankruptcy estate. The equitable benefit doctrine of the *Randolph v. Scruggs* case, *supra*, has been ratified in *In re Jensen-Farley Pictures, Inc.*, 47 B.R. 557 (Bankr.D.Utah 1985), which finds support for that doctrine in the Bankruptcy Code. We accept the applicability of the equitable benefit doctrine. There can be no doubt that the utilities provided to the receiver were reasonably incurred in the care and preservation of assets, and that these inured to the benefit of the bankruptcy estate.

■ CG & E asserts that application of the equitable benefit doctrine here entitles it to payment now. Despite such assertion, CG & E concludes its memorandum by contending that it is entitled to payment as a priority administrative expense. We have to say that these two statements are not consistent. A holding that CG & E is entitled to have the debt owed it of $1,555.25 on account of receivership utility bills regarded as a priority administrative expense, does not mean that it is entitled to payment of that amount now. Something more, e.g., lien rights or trust rights, is required to be shown to warrant the latter outcome. No such showing has been made.

We hold that CG & E is entitled to have its claim for $1,555.25 treated as an administrative expense on the basis of 11 U.S.C. § 503(a)(3)(E) which carries the equitable benefit doctrine into the Bankruptcy Code. We decline, however, to order that that amount presently be paid to CG & E by the debtor. Rather, it will be treated by the debtor together with other administrative expenses.

Accordingly, the motion of CG & E is granted so that CG & E may set off the $2,640.00 it holds in security deposits. In addition, its balance on account of pre-petition receivership service of $1,555.25 shall be treated as an administrative expense.

So Ordered.